IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RODNEY D. TOW,** Chapter 7 Trustee, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| Vs. | § | Civil Action No.: 4:16-cv-00643 |
| | § | |
| **ORGANO GOLD INT'L, INC.,** *et al.,* | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

COME NOW, Defendants, **Organo Gold Int'l, Inc.**, **Organo Gold Enterprises, Inc.**, and **Holton Buggs** (collectively referred to herein as "Defendants"), by their attorneys, and file this their Answer to the Second Amended Complaint of Plaintiff, **Rodney D. Tow**, Chapter 7 Trustee, and Jury Demand, and allege as follows:

### FIRST DEFENSE

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants assert that Plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants answer the specific allegations of Plaintiff's complaint as follows:

1.      To the extent required by Rule 8(b) and applicable to them, Defendants deny the allegations in paragraph 1 of Plaintiff's complaint.

2.      Defendants admit that the claims, as stated, fall within this Court's subject matter jurisdiction, and, except as so admitted, deny the remaining allegations contained in paragraph 2 of Plaintiff's complaint.

3.      Defendants admit that venue is proper, and, except as so admitted, deny the remaining allegations contained in paragraph 3 of Plaintiff's complaint.

4.      Defendants admit that Mr. Tow has been appointed as a Trustee, and, except as so admitted, deny the remaining allegations contained in paragraph 2 of Plaintiff's complaint.

5.      Organo Gold Int'l, Inc. ("OGI") admits that it is a Nevada corporation with a warehouse located at 5505 Hovander Road, Ferndale, Washington 98248, and, except as so admitted, deny the remaining allegations contained in paragraph 5 of Plaintiff's complaint.

6.      Organo Gold Enterprises, Inc. ("OGE") admits that it is a Canadian corporation with headquarters at 12148 Horseshow Way, Richmond B.C. V7A 4V5, Canada, and, except as so admitted, deny the remaining allegations contained in paragraph 6 of Plaintiff's complaint.

7.      Defendants admit that Organo Gold Holdings, Ltd. ("OGH") has an office located at Level 28, Three Pacific Place, 1 Queens South Road East, Hong Kong, and, except as so admitted, deny the remaining allegations contained in paragraph 7 of Plaintiff's complaint.

8.      Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 8 of Plaintiff's complaint.

9.      Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 9 of Plaintiff's complaint.

10.      Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 10 of Plaintiff's complaint.

11.     Defendants admit that Holton Buggs is a Texas resident, and, except as so admitted, deny the remaining allegations contained in paragraph 11 of Plaintiff's complaint.

12.     Defendants admit that 3K Marketing, LP ("3K") is a Texas limited partnership, and, except as so admitted, deny the remaining allegations contained in paragraph 12 of Plaintiff's complaint.

13.     Defendants admit that Tropez Management, Inc. ("Tropez") is a Texas for-profit corporation, and, except as so admitted, deny the remaining allegations contained in paragraph 13 of Plaintiff's complaint.

14.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 14 of Plaintiff's complaint.

15.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 15 of Plaintiff's complaint.

16.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 16 of Plaintiff's complaint.

17.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 17 of Plaintiff's complaint.

18.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 18 of Plaintiff's complaint.

19.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 19 of Plaintiff's complaint.

20.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 20 of Plaintiff's complaint.

21.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 21 of Plaintiff's complaint.

22.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 22 of Plaintiff's complaint.

23.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 23 of Plaintiff's complaint.

24.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 24 of Plaintiff's complaint.

25.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 25 of Plaintiff's complaint.

26.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 26 of Plaintiff's complaint.

27.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 27 of Plaintiff's complaint.

28.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 28 of Plaintiff's complaint.

29.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 29 of Plaintiff's complaint.

30.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 30 of Plaintiff's complaint.

31.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 31 of Plaintiff's complaint.

32.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 32 of Plaintiff's complaint.

33.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 33 of Plaintiff's complaint.

34.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 34 of Plaintiff's complaint.

35.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 35 of Plaintiff's complaint.

36.     Defendants deny the allegations contained in paragraph 36 of Plaintiff's complaint.

37.     Defendants deny the allegations contained in paragraph 37 of Plaintiff's complaint.

38.     Defendants deny the allegations contained in paragraph 38 of Plaintiff's complaint.

39.     Defendants deny the allegations contained in paragraph 39 of Plaintiff's complaint.

40.     Defendants admit that an involuntary petition was filed against AmeriSciences, L.P. ("AmeriSciences") on October 4, 2012 in Case No. 12-37545, *In re: AmeriSciences, L.P.*, in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Case"), that on November 27, 2012 the court entered an order for relief in the Bankruptcy Case, and that on December 5, 2012 Thomas H. Grace was approved as a Chapter 11 Trustee in the Bankruptcy Case, and, except as so admitted, deny the remaining allegations contained in paragraph 40 of Plaintiff's complaint.

41.     Defendants admit that on January 12, 2015 the Bankruptcy Case was converted to a case under Chapter 7 of the Bankruptcy Code and that Mr. Grace was appointed as a Chapter 7

5

Trustee in the Bankruptcy Case, and, except as so admitted, deny the remaining allegations contained in paragraph 41 of Plaintiff's complaint.

42.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 42 of Plaintiff's complaint.

43.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 43 of Plaintiff's complaint.

44.     Defendants deny the allegations contained in paragraph 44 of Plaintiff's complaint.

45.     Defendants deny the allegations contained in paragraph 45 of Plaintiff's complaint.

46.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 46 of Plaintiff's complaint.

47.     Defendants deny the allegations contained in paragraph 47 of Plaintiff's complaint.

48.     Defendants deny the allegations contained in paragraph 48 of Plaintiff's complaint.

49.     Defendants deny the allegations contained in paragraph 49 of Plaintiff's complaint.

50.     Defendants deny the allegations contained in paragraph 50 of Plaintiff's complaint.

51.     Defendants deny the allegations contained in paragraph 51 of Plaintiff's complaint.

52.     Defendants deny the allegations contained in paragraph 52 of Plaintiff's complaint.

53.     Defendants deny the allegations contained in paragraph 53 of Plaintiff's complaint.

54.     Defendants admit that Barry and Kara Cocheu attended a conference in Las Vegas in January 2012, and, except as so admitted, deny the remaining allegations contained in paragraph 54 of Plaintiff's complaint.

55.     Defendants admit to certain e-mail correspondence between Mr. Buggs, in a representative capacity, and Mr. Cocheu, and, except as so admitted, deny the remaining allegations contained in paragraph 55 of Plaintiff's complaint, including the characterization of the e-mail correspondence.

56.     Defendants admit to certain e-mail correspondence between Mr. Buggs, in a representative capacity, and Mr. Cocheu, and, except as so admitted, deny the remaining allegations contained in paragraph 56 of Plaintiff's complaint, including the characterization of the e-mail correspondence.

57.     Defendants deny the allegations contained in paragraph 57 of Plaintiff's complaint.

58.     Defendants admit that a meeting was held in early April 2012, that certain individuals attended the meeting, and that certain e-mail correspondence was exchanged, and, except as so admitted, deny the allegations contained in paragraph 58 of Plaintiff's complaint, including the characterization of the e-mail correspondence, events, and meeting.

59.     Defendants deny the allegations contained in paragraph 59 of Plaintiff's complaint.

60.     Defendants deny the allegations contained in paragraph 60 of Plaintiff's complaint.

61.     Defendants deny the allegations contained in paragraph 61 of Plaintiff's complaint.

62.     Defendants deny the allegations contained in paragraph 62 of Plaintiff's complaint.

63.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 63 of Plaintiff's complaint.

64.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 64 of Plaintiff's complaint.

65.     Defendants deny the allegations contained in paragraph 65 of Plaintiff's complaint.

66.     Defendants deny the allegations contained in paragraph 66 of Plaintiff's complaint.

67.     Defendants deny the allegations contained in paragraph 67 of Plaintiff's complaint.

68.     Defendants deny the allegations contained in paragraph 68 of Plaintiff's complaint.

69.     In response to paragraph 69, Defendants repeat, re-allege, and incorporate by reference the responses set forth above to each of the referenced numbered paragraphs.

70.     Defendants deny the allegations contained in paragraph 70 of Plaintiff's complaint.

71.     Defendants deny the allegations contained in paragraph 71 of Plaintiff's complaint.

72.     Defendants deny the allegations contained in paragraph 72 of Plaintiff's complaint.

73.     Defendants deny the allegations contained in paragraph 73 of Plaintiff's complaint.

74.     Defendants deny the allegations contained in paragraph 74 of Plaintiff's complaint.

75.     Defendants deny the allegations contained in paragraph 75 of Plaintiff's complaint.

76.     Defendants deny the allegations contained in paragraph 76 of Plaintiff's complaint.

77.     Defendants deny the allegations contained in paragraph 77 of Plaintiff's complaint.

78.     Defendants deny the allegations contained in paragraph 78 of Plaintiff's complaint.

79.     Defendants deny the allegations contained in paragraph 79 of Plaintiff's complaint.

80.     Defendants deny the allegations contained in paragraph 80 of Plaintiff's complaint.

81.     In response to paragraph 81, Defendants repeat, re-allege, and incorporate by reference the responses set forth above to each of the referenced numbered paragraphs.

82.     Defendants deny the allegations contained in paragraph 82 of Plaintiff's complaint.

83.     Defendants deny the allegations contained in paragraph 83 of Plaintiff's complaint.

84.     Defendants deny the allegations contained in paragraph 84 of Plaintiff's complaint.

85.     Defendants deny the allegations contained in paragraph 85 of Plaintiff's complaint.

86.     In response to paragraph 86, Defendants repeat, re-allege, and incorporate by reference the responses set forth above to each of the referenced numbered paragraphs.

87.     Defendants admit that certain contracts existed between AmeriSciences and certain of its distributors, and, except as so admitted, deny the allegations contained in paragraph 87 of Plaintiff's complaint, including the characterization of the terms of the contracts and the enforceability and dates of the contracts.

88.     Defendants deny the allegations contained in paragraph 88 of Plaintiff's complaint.

89.     Defendants deny the allegations contained in paragraph 89 of Plaintiff's complaint.

90.     Defendants deny the allegations contained in paragraph 90 of Plaintiff's complaint.

91.     Defendants deny the allegations contained in paragraph 91 of Plaintiff's complaint.

92.     Defendants deny the allegations contained in paragraph 92 of Plaintiff's complaint.

93.     In response to paragraph 93, Defendants repeat, re-allege, and incorporate by reference the responses set forth above to each of the referenced numbered paragraphs.

94.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 94 of Plaintiff's complaint.

95.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 95 of Plaintiff's complaint.

96.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 96 of Plaintiff's complaint.

97.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 97 of Plaintiff's complaint.

98.    Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 98 of Plaintiff's complaint.

99.    Defendants deny the allegations contained in paragraph 99 of Plaintiff's complaint.

100.    Defendants deny the allegations contained in paragraph 100 of Plaintiff's complaint.

101.    Defendants deny the allegations contained in paragraph 101 of Plaintiff's complaint.

102.    Defendants deny the allegations contained in paragraph 102 of Plaintiff's complaint.

103.    In response to paragraph 103, Defendants repeat, re-allege, and incorporate by reference the responses set forth above to each of the referenced numbered paragraphs.

104.    Defendants deny the allegations contained in paragraph 104 of Plaintiff's complaint.

105.    Defendants deny the allegations contained in paragraph 105 of Plaintiff's complaint.

106.    Defendants deny the allegations contained in paragraph 106 of Plaintiff's complaint.

107.    Defendants deny the allegations contained in paragraph 107 of Plaintiff's complaint.

108.    Defendants deny the allegations contained in paragraph 108 of Plaintiff's complaint.

109.    In response to paragraph 109, Defendants repeat, re-allege, and incorporate by reference the responses set forth above to each of the referenced numbered paragraphs.

110.    Defendants deny the allegations contained in paragraph 110 of Plaintiff's complaint.

111.    Defendants deny the allegations contained in paragraph 111 of Plaintiff's complaint.

112.    In response to paragraph 112, Defendants repeat, re-allege, and incorporate by reference the responses set forth above to each of the referenced numbered paragraphs.

113.    Defendants deny the allegations contained in paragraph 113 of Plaintiff's complaint.

114.    Defendants deny the allegations contained in paragraph 114 of Plaintiff's complaint.

115.    Defendants deny the allegations contained in paragraph 115 of Plaintiff's complaint.

116.    Defendants deny the allegations contained in paragraph 116 of Plaintiff's complaint.

117.    In response to paragraph 117, Defendants repeat, re-allege, and incorporate by reference the responses set forth above to each of the referenced numbered paragraphs.

118.    Defendants deny the allegations contained in paragraph 118 of Plaintiff's complaint.

119.    Defendants deny the allegations contained in paragraph 119 of Plaintiff's complaint.

120.    Defendants deny the allegations contained in paragraph 120 of Plaintiff's complaint.

121.    In response to paragraph 121, Defendants repeat, re-allege, and incorporate by reference the responses set forth above to each of the referenced numbered paragraphs.

122.    Defendants deny the allegations contained in paragraph 122 of Plaintiff's complaint.

123.    Defendants deny the allegations contained in paragraph 123 of Plaintiff's complaint.

124.    Defendants deny the allegations contained in paragraph 124 of Plaintiff's complaint.

125.    Defendants deny the allegations contained in paragraph 125 of Plaintiff's complaint.

126.    Defendants deny the allegations contained in paragraph 126 of Plaintiff's complaint.

127.    Defendants deny the allegations contained in paragraph 127 of Plaintiff's complaint.

128.    In response to paragraph 128, Defendants repeat, re-allege, and incorporate by reference the responses set forth above to each of the referenced numbered paragraphs.

129.    Defendants deny the allegations contained in paragraph 129 of Plaintiff's complaint.

130.    Defendants deny the allegations contained in paragraph 130 of Plaintiff's complaint.

131.    Defendants deny the allegations contained in paragraph 131 of Plaintiff's complaint.

132.    In response to paragraph 132, Defendants repeat, re-allege, and incorporate by reference the responses set forth above to each of the referenced numbered paragraphs.

133.    Defendants deny the allegations contained in paragraph 133 of Plaintiff's complaint.

134.    Defendants deny the allegations contained in paragraph 134 of Plaintiff's complaint.

135.    Defendants deny the allegations contained in paragraph 135 of Plaintiff's complaint.

136.    Defendants deny the allegations contained in paragraph 136 of Plaintiff's complaint.

137.    In response to paragraph 137, Defendants repeat, re-allege, and incorporate by reference the responses set forth above to each of the referenced numbered paragraphs.

138.    Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 138 of Plaintiff's complaint.

139.    Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 139 of Plaintiff's complaint.

140.    Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 140 of Plaintiff's complaint.

141.    Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 141 of Plaintiff's complaint.

142.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 142 of Plaintiff's complaint.

143.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 143 of Plaintiff's complaint.

144.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 144 of Plaintiff's complaint as it pertains to others.  However, to the extent applicable to them, Defendants deny the allegations contained in paragraph 144 of Plaintiff's complaint.

145.     In response to paragraph 145, Defendants repeat, re-allege, and incorporate by reference the responses set forth above to each of the referenced numbered paragraphs.

146.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 146 of Plaintiff's complaint as it pertains to others.  However, to the extent applicable to them, Defendants deny the allegations contained in paragraph 146 of Plaintiff's complaint.

147.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 147 of Plaintiff's complaint as it pertains to others.  However, to the extent applicable to them, Defendants deny the allegations contained in paragraph 147 of Plaintiff's complaint.

148.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 148 of Plaintiff's complaint.

149.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 149 of Plaintiff's complaint.

150.     Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 150 of Plaintiff's complaint.

151.    In response to paragraph 151, Defendants repeat, re-allege, and incorporate by reference the responses set forth above to each of the referenced numbered paragraphs.

152.    Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 152 of Plaintiff's complaint as it pertains to others.  However, to the extent applicable to them, Defendants deny the allegations contained in paragraph 152 of Plaintiff's complaint.

153.    Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 153 of Plaintiff's complaint as it pertains to others.  However, to the extent applicable to them, Defendants deny the allegations contained in paragraph 153 of Plaintiff's complaint.

154.    Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 154 of Plaintiff's complaint.

155.    Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 155 of Plaintiff's complaint.

156.    In response to paragraph 156, Defendants repeat, re-allege, and incorporate by reference the responses set forth above to each of the referenced numbered paragraphs.

157.    Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 157 of Plaintiff's complaint.

158.    Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 158 of Plaintiff's complaint as it pertains to others.  However, to the extent applicable to them, Defendants deny the allegations contained in paragraph 158 of Plaintiff's complaint.

159.    Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 159 of Plaintiff's complaint.

160.    Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 160 of Plaintiff's complaint.

161.    Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 161 of Plaintiff's complaint.

162.    Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 162 of Plaintiff's complaint.

163.    Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 163 of Plaintiff's complaint.

164.    Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 164 of Plaintiff's complaint.

165.    Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 165 of Plaintiff's complaint.

166.    In response to paragraph 166, Defendants repeat, re-allege, and incorporate by reference the responses set forth above to each of the referenced numbered paragraphs.

167.    Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 167 of Plaintiff's complaint as it pertains to others.  However, to the extent applicable to them, Defendants deny the allegations contained in paragraph 167 of Plaintiff's complaint.

168.    Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 168 of Plaintiff's complaint as it pertains to others.  However, to the extent applicable to them, Defendants deny the allegations contained in paragraph 168 of Plaintiff's complaint.

169. Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 169 of Plaintiff's complaint as it pertains to others. However, to the extent applicable to them, Defendants deny the allegations contained in paragraph 169 of Plaintiff's complaint.

170. To the extent required by Rule 8(b) and applicable to them, Defendants deny the allegations contained in the paragraph contained in Plaintiff's complaint under the heading "Prayer for Relief" and beginning with the word "WHEREFORE".

### THIRD DEFENSE

Further answering, if any be necessary, pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiff's complaint the affirmative defense of estoppel.

### FOURTH DEFENSE

Further answering, if any be necessary, pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiff's complaint the affirmative defense of quasi-estoppel.

### FIFTH DEFENSE

Pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiff's complaint the affirmative defense of failure to satisfy condition precedent to the alleged contracts.

### SIXTH DEFENSE

Pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiff's complaint the affirmative defense of failure to mitigate.

### SEVENTH DEFENSE

Pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiff's complaint the affirmative defense of unclean hands.

### EIGHTH DEFENSE

Further answering, if any be necessary, pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiff's complaint the affirmative defense of fraud.

### NINTH DEFENSE

Further answering, if any be necessary, pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiff's complaint the affirmative defense of illegality.

### TENTH DEFENSE

Further answering, if any be necessary, pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiff's complaint the affirmative defense of laches.

### ELEVENTH DEFENSE

Further answering, if any be necessary, pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiff's complaint the affirmative defense of license.

### TWELFTH DEFENSE

Further answering, if any be necessary, pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiff's complaint the affirmative defense of statute of limitations.

### THIRTEENTH DEFENSE

Further answering, if any be necessary, pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiff's complaint the affirmative defense of waiver.

### FOURTEENTH DEFENSE

Further answering, if any be necessary, pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiff's complaint the affirmative defense of failure of consideration.

### FIFTEENTH DEFENSE

Further answering, if any be necessary, pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiff's complaint the affirmative defense of statutory and regulatory compliance.

### SIXTEENTH DEFENSE

Further answering, if any be necessary, if AmeriSciences has sustained injuries or losses as alleged in Plaintiff's complaint, upon information and belief, such injuries or losses were caused in whole or in part by AmeriSciences or other preceding, intervening, supervening, and/or superseding causes or circumstances for which Defendants are not liable.

### SEVENTEENTH DEFENSE

Further answering, if any be necessary, avoidance of the transfers alleged in Plaintiff's complaint will not benefit Debtor's estate.

### EIGHTEENTH DEFENSE

Further answering, if any be necessary, AmeriSciences was neither insolvent, unable to pay its debts as they matured, nor with unreasonably small capital at the time of any alleged transfer.

### NINETEENTH DEFENSE

Further answering, if any be necessary, the alleged transfers did not cause AmeriSciences to become insolvent, unable to pay its debts as they matured, or be left with unreasonably small capital.

### TWENTIETH DEFENSE

Further answering, if any be necessary, any injury sustained by AmeriSciences was not directly or proximately caused by any of the alleged actions taken by Defendants.

### TWENTY-FIRST DEFENSE

Further answering, if any be necessary, Defendants acted in good faith.

### TWENTY-SECOND DEFENSE

Further answering, if any be necessary, Defendants did not engage in any unlawful activities.

## TWENTY-THIRD DEFENSE

Further answering, if any be necessary, any recovery against Defendants is limited by the single satisfaction rule in 11 U.S.C. § 550(d) and any attempt to recover twice is prohibited.

## TWENTY-FOURTH DEFENSE

Further answering, if any be necessary, Defendants asserts all rights of recoupment, recovery, and setoff, including without limitation claims under 11 U.S.C. §§ 502(h), 548(c), 550(e), and 553.

## TWENTY-FIFTH DEFENSE

Pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiff's complaint the affirmative defense of independent discovery/development.

## TWENTY-SIXTH DEFENSE

Pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiff's complaint the affirmative defense of acquiescence and ratification.

## TWENTY-SEVENTH DEFENSE

Pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiff's complaint the affirmative defense that the alleged confidential information constitutes the general skills, knowledge, and experience.

## TWENTY-EIGHTH DEFENSE

Pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiff's complaint the affirmative defense of public information.

### TWENTY-NINTH DEFENSE

Pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiff's complaint the affirmative defense of failure to keep information secret.

### THIRTIETH DEFENSE

Further answering, if any be necessary, pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiff's complaint the affirmative defense of prior breach.

### THIRTY-FIRST DEFENSE

Further answering, if any be necessary, pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiff's complaint the affirmative defense that the alleged transfers were for value.

### THIRTY-SECOND DEFENSE

Further answering, if any be necessary, pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiff's complaint the affirmative defense of unconscionability as to the alleged distributor contracts.

### THIRTY-THIRD DEFENSE

Further answering, if any be necessary, pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiff's complaint that the recovery against Defendants is limited to allowed claims against Debtor's estate by Debtor's vendors and administrative claims; Former distributors and owners of Debtor, and other creditors, whose own conduct contributed to the alleged wrongs and damages complained of by Plaintiff are

not entitled to recoveries from Defendants and/or profits arising therefrom.  Consequently, the owners of Debtor should not be allowed to recover (as creditors of Debtor's estate or otherwise) any sums from Defendants arising from their own conduct.   And, former distributors whose own breaches of contract arose from Defendants' alleged interference with contracts should not be allowed to recover from Defendants on account of such distributors' conduct.

### THIRTY-FOURTH DEFENSE

Further answering, if any be necessary, pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure, Defendants assert as an affirmative defense to Plaintiff's complaint the statutory defenses under 11 U.S.C. §§ 546, 547, 548, 550, and 551.

### JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants hereby demand a trial by jury.

### PRAYER

WHEREFORE, Defendants pray that Plaintiff's complaint be dismissed in its entirety with prejudice, and that, on final trial, Defendants have:

a.   Judgment that Plaintiff take nothing;

b.   Judgment against Plaintiff for costs of suit; and

c.   Judgment awarding Defendants such other and further relief as the Court deems just and proper.

23

Respectfully submitted,

**NICHAMOFF LAW, P.C.**

/s/ Seth A. Nichamoff

_____

Seth A. Nichamoff
State Bar No. 24027568
Fed. I.D. No. 27002
2444 Times Boulevard, Suite 270
Houston, Texas 77005
(713) 503-6706 Telephone
(713) 360-7497 Facsimile
seth@nichamofflaw.com

-and-

**JAMIE KING, P.C.**

Jamie King
Texas State Bar No. 24043755
S.D. Texas Bar No. 566838
P.O. Box 5757
Kingwood, Texas 77325
(713) 521-6558 Telephone
(888) 247-0443 Facsimile
jamie@jamiekingpc.com

**ATTORNEYS FOR DEFENDANTS HOLTON BUGGS ORGANO GOLD INT'L, INC. AND ORGANO GOLD ENTERPRISES, INC.**

CERTIFICATE OF SERVICE

I hereby certify that on Thursday, November 30, 2017, a true and correct copy of the foregoing was forwarded to the following counsel of record pursuant to the Federal Rules of Federal Procedure and the Local Rules of the United States District Court for the Southern District of Texas.

Steven R. Rech, Esq.
Kari B Coniglio, Esq.
John J. Sparacino, Esq.
Vorys, Sater, Seymour and Pease L.L.P.
700 Louisiana Street, Suite 4100
Houston, Texas 77002
srech@vorys.com
kbconiglio@vorys.com
jjsparacino@vorys.com

*Attorneys for Plaintiff Thomas H. Grace,
Chapter 7 Trustee*

David W. Anderson, Esq.
Law Office of David W. Anderson
P.O. Box 649
Leander, Texas 78646
dwanderson@ralaw.net

*Attorney for Defendants Barry Cocheu,
Kara Cocheu, and BHF Ventures, LP*

Margaret Maxwell McClure, Esq.
Attorney at Law
909 Fannin, Suite 3810
Houston, Texas 77010
margaret@mmmcclurelaw.com

Thomas H. Grace, Esq.
Vorys, Sater, Seymour and Pease L.L.P.
 700 Louisiana Street, Suite 4100
Houston, Texas 77002
thgrace@vorys.com

*Attorneys for Debtor AmeriSciences, L.P.*

/s/ Seth A. Nichamoff

_____

Seth A. Nichamoff

25