IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS H. GRACE, TRUSTEE, § | | |
|    Plaintiff § | | |
| § | | |
| V. § | CASE NO. 4:16-CV-00643 | |
| § | | |
| ORGANO GOLD INTERNATIONAL, INC., § | JURY TRIAL REQUESTED | |
| ET AL., § | | |
|    Defendants § | | |

**DEFENDANTS BARRY COCHEU AND KARA COCHEU'S AND
BHF VENTURES' LP'S SECOND AMENDED ORIGINAL ANSWER**

Defendants Barry Cocheu ("Cocheu") and Kara Cocheu and BHF Ventures, LP ("Defendants") file this Second Amended Original Answer to the Amended Complaint filed by Plaintiff as follows:

**AMENDMENT**

Defendants file their Second Amended Original Answer to conform their Answer to the amended paragraph numbering of Plaintiff's Second Amended Complaint.

**INCORPORATION BY REFERENCE**

Defendants herein incorporate by reference as if set out in full herein, their answers to the allegations made against them by the Trustee in the Trustee's prior Amended Complaint.

**ANSWER**

1. Paragraph 1 does not require a response as it is the Plaintiff's statement of the statutory basis of his claims. To the extent necessary, Defendants cannot admit or deny whether the Trustee's claims are well founded under the statutes cited, but deny liability to the Trustee or estate.

1

2. Paragraph 2 is admitted in part. Defendants admit that this Court has jurisdiction.

3. Defendants agree with paragraph 3 that venue is proper.

4. The first sentence of paragraph 4 is admitted. The second sentence is admitted in part. Defendants deny that the network of independent distributors had any intrinsic value.

5. Defendants have no independent knowledge of the allegations regarding service of defendants contained in paragraphs 5, 6, 7, 8, 9, 10, 11, 12, 13, 17, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35.

6. Paragraph 14 is admitted.

7. Paragraph 15 is admitted in part: Kara Cocheu is the spouse of Barry Cocheu, she is a codebtor in the Cocheu bankruptcy, stay has been lifted in the Cocheu bankruptcy case. Service is not contested. Paragraph 15 is denied as to the allegations that Kara Cocheu was involved in the Ameriscienes business in any meaningful way, that she held a fiduciary duty to Amerisciences, its partners, shareholders or members or the creditors of Amerisciences.

8. The allegations in Paragraph 16 that BHF Ventures, LP is or was the alter ego of Barry Cocheu are denied. The allegations that BLS Management, LP is the alter ego of Barry Cocheu as alleged in paragraph 18, and that LBS Real Properties, LP is the alter ego of Barry Cocheu as alleged in paragraph 19 are also denied.

9. Defendants object to being categorized, or collectively referred to together with "John Does 6-10" in paragraph 17.

10. No response to paragraph 36 is required as it is a statement of the relief sought by the Plaintiff. To the extent necessary, Defendants deny that they participated in or instigated or implemented any scheme or took any action to steal Amerisciences assets.

11. The first sentence of paragraph 37 is admitted. The second, third and fourth sentences are denied.

12. Paragraph 38 is denied.

13. The first sentence of paragraph 39 is denied. On information and belief, the Trustee has conveyed or is in possession any assets of the Debtor which had or have value.

14. Paragraph 40 is admitted.

15. Paragraph 41s admitted.

16. Paragraph 42 is admitted.

17. Paragraph 43 is admitted.

18. The first two sentences of paragraph 44 are admitted. The last sentence of paragraph 44 is denied. While the distributors of the Debtor's products were essential to the Debtor's business, the list or identity of the distributors did not have intrinsic value and the "lifeblood" of the Debtor was its sale of products. Product sales generated revenue. When the Debtor was unable to acquire products, fill and deliver orders, its distributors ceased being able to sell the Debtor's products. Without products to sell, the distributors had no reason to continue to be distributors.

19. Paragraph 45 is admitted.

20. The first two sentences of paragraph 46 are admitted. The third sentence is denied. On information and belief, provisions such as those described in paragraphs 46 and 47 have been held to be unenforceable.

21. Paragraph 47 is admitted.

22. Paragraph 48 is admitted.

23. Paragraph 49 is admitted in part and denied in part. The Debtor's inability to exist was not a result of its distributors seeking other opportunities. It was the result of the Debtor being unable to provide products to its distributors to fill sales orders.

24. Paragraph 50 is admitted.

25. Paragraph 51is admitted in part and denied in part. While the Debtor took steps to maintain a level of confidentiality, the identity of the IMCs were available to the public. IMCs advertised and took affirmative steps to make themselves known to the public as distributors of the Debtor's products in order to generate sales.

26. Paragraph 52 cannot be admitted or denied, as Defendants are uncertain as to the exact number of IMC distributors in April 2012. It is denied that there was a theft of estate assets.

27. The first and second sentences of paragraph 53 are denied. It is admitted that Defendants attended the conference and met with Buggs and Bernardo Chua. It is denied that any scheme began at such conference. It is denied that Buggs and Organo Gold paid all of Defendants' expenses.

28. Paragraph 54 is denied. Defendants did not enter into an agreement as described in paragraph 54.

29. In response to paragraph 55, the email speaks for itself. Plaintiff misrepresents the purpose of the email.

30. Paragraph 56 is admitted as to Barry's and Louis' association with the Debtor. Paragraph 56 is denied to the extent that it is intended to imply that Defendants were engaged in any negotiation to transfer estate assets of any value to Organo Gold.

31. The first sentence of paragraph 57 is denied. Defendant Barry Cocheu did become first a consultant and then a distributor for Organo Gold. The second sentence of paragraph 57 is admitted. The third sentence is denied. There was no "illicit" agreement. Defendant Barry Cocheu did leave Amerisciences. However, he did not immediately become a distributor. The Debtor's distributor network was not moved by Defendant Barry Cocheu. Independent distributors elected to become Organo Gold distributors. The balance of paragraph 57 is inaccurate. Former independent distributors of the Debtor provided their downline information to Organo Gold.

32. Paragraph 58 is denied as to Defendants Cocheu.

33. Paragraph 59 is denied. There was no, "illicit" deal. Further, Defendant Cocheu was not paid several $100,000s, Defendant Cocheu is not actively associated with Organo Gold as of the date of this Answer, Kara Cocheu was not involved in the Debtor's business and had not control over the Debtor's assets.

34. Paragraph 60 is denied as an inaccurate description of the events or actions of Defendants Cocheu.

35. Paragraph 61 is denied. Plaintiff mischaracterizes the events. It was announced that Cocheu was leaving as the Debtor was moribund, that Organo Gold appeared to be an opportunity which the IMCs could consider.

36. Paragraph 62 is admitted to the extent that there were communications regarding the future of the Debtor and alternative opportunities available.

37. Paragraph 63 is admitted. It is denied that any asset of value was transferred.

38. Paragraph 64 cannot be admitted or denied.

39. Paragraph 65 is denied as to Defendant Barry Cocheu to the extent that Plaintiff asserts that Defendant was prohibited or violated any duty to Defendant by leaving the Defendant's company and seeking employment elsewhere.

40. Paragraph 66 is admitted to the extent that any former Amerisciences distributors became Organo Gold distributors. However, the Debtor was unable to acquire products or fill orders. It's distributors were unable to make any money as there were no Amerisciences products available to sell in a sufficient quantity to maintain an ongoing business.

41. Paragraph 67 cannot be admitted or denied. The allegation assumes that a large number of IMC's became associated with Organo and remained with Organo, generated revenue and other variable factors. However, the Debtor was unable to acquire products or fill orders. It's distributors were unable to make any money as there were no Amerisciences products available to sell in a sufficient quantity to maintain an ongoing business.

42. Paragraph 68 is denied. The Debtor was unable to acquire inventory with which to fill IMC orders, unable to make required payments or distributions to IMCs or meet its other financial obligations.

43. In response to paragraph 69, Defendants incorporate their responses to paragraphs 1 through 67.

44. Paragraph 70 is denied.

45. Paragraph 71 is denied.

46. Paragraph 72 is admitted.

47. Paragraph 73 is denied.

48. Paragraph 74 is denied.

49. Paragraph 75 is denied in part. Otgano Gold's Policies and Procedures speak for themselves.

50. The first sentence of paragraph 76 is admitted to the extent that some independent distributors became distributors of Organo Gold and Organo Gold obtained information concerning these distributors. It is denied that any such actions or activity constituted a violation of trade secrets.

51. Paragraph 77 is denied.

52. Paragraph 78 is denied.

53. Paragraph 79 is denied.

54. Paragraph 80 is denied.

55. In response to paragraph 81, Defendants incorporate their responses to paragraphs 1 through 80.

56. Paragraph 82 is admitted, however, to the extent that information available to the general public existed, it cannot be categorized as a trade secret or proprietary information.

57. Paragraph 83 is denied.

58. Paragraph 84 is denied.

59. Paragraph 85 is denied.

60. In response to paragraph 86, Defendants incorporate their responses to paragraphs 1 through 85.

61. The first sentence of paragraph 87 is admitted. The second sentence is denied to the extent that the Debtor ceased doing business and was unable to fill or deliver product to its distributors. As a result, the Debtor was in breach of its obligations to the Defendants prior to

7

the Defendants' actions, if any.

62. Defendant Cocheu admits that he had knowledge of the IMC Agreements and the P&Ps. Defendants cannot admit or deny the extent of any other defendant's knowledge regarding the matters alleged in paragraph 88.

63. Paragraph 89 is denied.

64. Paragraph 90 is denied.

65. Paragraph 91 is denied.

66. Paragraph 92 is denied.

67. In response to paragraph 93, Defendants incorporate their responses to paragraphs 1 through 92.

68. Paragraph 94 is admitted.

69. Paragraph 95 is addressed to another defendant and Defendants are not required to admit or deny the allegations contained in paragraph 95. This paragraph may be moot due to settlement.

70. Paragraph 96 is admitted.

71. Paragraph 97 is admitted.

72. Paragraph 98 is admitted.

73. Paragraph 99 is admitted that a duty was owed to creditors. The extent of the duty is disputed.

74. Paragraph 100 is denied as to Defendants Cocheu.

75. Paragraph 101 is denied as to Defendants Cocheu.

76. Paragraph 102 is denied as to Defendants Cocheu.

77. In response to paragraph 103, Defendants incorporate their responses to paragraphs 1 through 101.

78. Paragraph 104 is denied as to Defendants Cocheu.

79. Paragraph 105 is admitted as to Defendant Barry Cocheu. It is denied as to Defendant Kara Cocheu as she had no duty.

80. Paragraph 106 is denied.

81. Paragraph 107 is denied.

82. Paragraph 108 is denied.

83. In response to paragraph 109, Defendants incorporate their responses to paragraphs 1 through108.

84. To the extent that Defendants Cocheu are intended to be included among the "John Does 6-10", paragraph 110 is denied as to Defendants Cocheu. Paragraph 110 is also denied as to BHF Ventures, LP.

85. To the extent that Defendants Cocheu are intended to be included among the "John Does 6-10", paragraph 111 is denied as to Defendants Cocheu. Paragraph 111 is also denied as to BHF Ventures, LP.

86. In response to paragraph 112, Defendants incorporate their responses to paragraphs 1 through 111.

87. Paragraphs 112 through 116 contain allegations leveled at defendants other than Defendants Cocheu or BHF Ventures, LP and no response is required.

88. In response to paragraph 117, Defendants incorporate their responses to paragraphs 1 through116.

89. Paragraphs 1185 through 120 contain allegations leveled at defendants other than Defendants Cocheu or BHF Ventures, LP and no response is required.

90. In response to paragraph 121, Defendants incorporate their responses to paragraphs 1 through 120.

91. Paragraphs 122 through 127 contain allegations leveled at defendants other than Defendants Cocheu or BHF Ventures, LP and no response is required.

92. In response to paragraph 128, Defendants incorporate their responses to paragraphs 1 through 127.

93. To the extent that Defendants are intended to be included among the "John Does 6-10", paragraphs 129 through 131 are denied as to Defendants Cocheu and BHF Ventures, LP.

94. In response to paragraph 132, Defendants incorporate their responses to paragraphs 1 through131.

95. Paragraphs 133 through 136 contain allegations leveled at defendants described as "IMC Defendants" this is not a defined term in the Complaint. The allegations set out in paragraphs 133 through 136 appear to be addressed to defendants other than Defendants Cocheu and no response is required.

96. Alternatively, Defendants request that Plaintiff replead these allegations pursuant to Rule 7012(e) to more clearly set out his allegations in order that the Defendants may have a fair understanding the allegations made against them.

97. In response to paragraph 137, Defendants incorporate their responses to paragraphs 1 through136.

98. Paragraph 138 is denied as to Defendant Barry Cocheu.

99. Paragraph 139 is denied in part. The Debtor reimbursed Defendant Cocheu for legitimate business expenses incurred on its behalf. Defendants are of the belief that the Debtor received reimbursement or equivalent value for the payments described related to the real estate purchase.

100. Paragraph 140 is denied to the extent that Plaintiff asserts that the reimbursement of legitimate business expenses were not legitimate, exorbitant or improper. Defendants deny that they received other than reimbursement for legitimate business expenses.

101. Paragraph 141 is admitted as to Defendant Barry Cocheu. Defendant Kara Cocheu denies that she had any fiduciary duty to the Debtor, its owners or its creditors.

102. Paragraph 142 is admitted. as to Defendant Barry Cocheu. Defendant Kara Cocheu denies that she had any fiduciary duty to the Debtor, its owners or its creditors.

103. Paragraph 143 is denied as to Defendant Barry Cocheu.

104. Paragraph 144 is denied as to Defendant Barry Cocheu.

105. In response to paragraph 145, Defendants incorporate their responses to paragraphs 1 through144.

106. To the extent that Defendants Cocheu are intended to be included among the "John Does 6-10", paragraphs 145 through 150 are denied as to Defendants Cocheu and as to BHF Ventures, LP.

107. Plaintiff asserts, with no factual basis stated in the Complaint, that BHF Ventures, LP is the alter ego of Defendant Barry Cocheu. This is denied, but if so, then the bankruptcy filing of Defendants Cocheu would also be binding on any claims against BHF Ventures, LP.

108. In further response to paragraph 148, the Debtor's balance sheets speak for

themselves.

109. In response to paragraph 151, Defendants incorporate their responses to paragraphs 1 through150.

110. Defendants cannot admit or deny the allegations in paragraph 152 and cannot verify the accuracy of Plaintiff's summary.

111. To the extent that Defendants Cocheu are intended to be included among the "John Does 6-10", paragraph 153 is denied as to Defendants Cocheu and BHF Ventures, LP.

112. Paragraph 154 cannot be admitted or denied.

113. To the extent that Defendants Cocheu are intended to be included among the "John Does 6-10", paragraph 155 is denied as to Defendants Cocheu and as to BHF Ventures, LP.

114. Plaintiff asserts, with no factual basis stated in the Complaint, that BHF Ventures, LP is the alter ego of Defendant Barry Cocheu. This is denied, but if so, then the bankruptcy filing of Defendants Cocheu would also be binding on any claims against BHF Ventures, LP.

115. In response to paragraph 156, Defendants incorporate their responses to paragraphs 1 through155.

116. Paragraphs 157 through 165 appear to be leveled at a defendant other than the Defendants Cocheu or BHF Ventures, LP and no response is required.

117. Plaintiff asserts, with no factual basis stated in the Complaint, that BHF Ventures, LP is the alter ego of Defendant Barry Cocheu. This is denied, but if so, then the bankruptcy filing of Defendants Cocheu would also be binding on any claims against BHF Ventures, LP.

118. BHF Ventures, LP denies that it was an insider of the Debtor as alleged in

paragraph 163.

119. BHF Ventures, LP received payments from the Debtor as reimbursement of legitimate business expenses. The payments were made in the ordinary course of business.

120. Alternatively, Defendants request that Plaintiff replead these allegations pursuant to Rule 7012(e) to more clearly set out his allegations in order that the defendants may have a fair understanding the allegations made against them.

121. In response to paragraph 166, Defendants incorporate their responses to paragraphs 1 through 165.

122. Paragraph 167 is denied as to Defendants.

123. Paragraph 168 is denied as to Defendants.

124. Paragraph 169 is denied as to Defendants.

125. Defendants Cocheu plead discharge as to any claim not subject to a timely filed objection to discharge pursuant to 11 USC § 523.

126. In accordance with the provisions of the Texas Uniform Fraudulent Transfer Act, to the extent that Plaintiff seeks recovery against Defendants, Defendants seek recovery of their attorney fees and expenses incurred in defense of such allegations.

127. Plaintiff asserts that is does not seek recovery from Defendants Cocheu under a number of the theories of recovery plead. Consequently, such causes of action would result, assuming arguendo, that Plaintiff recovers, in a mere advisory judgement which is improper. Plaintiff asserts, with no factual basis stated in the Complaint, that BHF Ventures, LP is the alter ego of Defendant Barry Cocheu. This is denied, but if so, then the bankruptcy filing of Defendants Cocheu would also be binding on any claims against BHF Ventures, LP. In this

regard, Plaintiff fails to state a claim for which relief may be granted.

128. Defendant Kara Cocheu specifically denies the existence of any fiduciary duty or obligations to the Debtor, its shareholders, equity owners, employees or creditors.

129. To the extent that Defendant Barry Cocheu owed a fiduciary duty or obligation to the Debtor, its shareholders, equity owners, employees or creditors, Defendant acted in accordance with such duty and not in breach of same.

130. Defendant BHF Ventures, LP pleads limitations in part or in whole to Plaintiff's claims based on 11 USC § 547.

131. Defendants specifically deny that BHF Ventures, LP, BLS Management, LP or LBS Real Properties, LP are alter egos of Defendant Barry Cocheu or of Kara Cocheu.

132. Plaintiff lacks standing in whole or in part as Plaintiff conveyed all, or substantially all causes of action.

133. Plaintiff is estopped, in whole or in part, to assert the causes of action described in his Complaint as all, or substantially all causes of action owned by the Plaintiff were conveyed by Plaintiff.

134. Plaintiff's claim is barred, in whole or in part, by the doctrine of judicial estoppel. Plaintiff sought approval of the sale of certain assets by motion filed in the main bankruptcy case. In said motion, the Plaintiff asserted that it intended to convey the causes of action owned by the estate. The Bankruptcy Court granted Plaintiff's motion. Plaintiff is therefore judicially estopped from asserting a position before this Court which contradicts his prior position before the Bankruptcy Court.

Wherefore, Defendants Barry Cocheu and Kara Cocheu and BHF Ventures, LP, request

that the Court enter its judgment that Plaintiff take nothing by way of this suit and go hence without day, that they recover their attorney fees and costs and for all such other relief, general or specific, legal or equitable to which they may be entitled.

**Law Office of David W. Anderson**

/s/ David W. Anderson
David W. Anderson
TBN01174350
P.O. Box 649
Leander, Texas 78648
Phone: (713) 868-4411
Fax: (713) 868-4413
dwanderson@ralaw.net

## CERTIFICATE OF SERVICE

The foregoing was served all parties on January 19, 2018 by fax and email as follows unless otherwise noticed via ECF.

/s/ David W. Anderson
David W. Anderson