# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

RODNEY D. TOW,         §     Case No. 4:16-cv-00643
Chapter 7 Trustee of AmeriSciences, L.P.,    §
                     §     Judge Vanessa D. Gilmore
         Plaintiff,        §
                     §
vs.                    §
                     §
ORGANO GOLD INT'L, INC., *et al.*    §
                     §
         Defendants.      §

## OPPOSITION OF RODNEY D. TOW, CHAPTER 7 TRUSTEE, TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS 3K MARKETING, L.P. AND TROPEZ MANAGEMENT, INC.

John J. Sparacino
State Bar No. 18873700
Federal ID No. 12551
VORYS SATER SEYMOUR AND PEASE LLP
700 Louisiana, Suite 4100
Houston, Texas 77002
(713) 588-7000
(713) 588-7050 (fax)
jjsparacino@vorys.com

Steven R. Rech
State Bar No. 16649200
Federal ID No. 15801
VORYS SATER SEYMOUR AND PEASE LLP
700 Louisiana, Suite 4100
Houston, Texas 77002
(713) 588-7000
(713) 588-7050 (fax)
srech@vorys.com

*Attorneys for Rodney D. Tow, Chapter 7 Trustee of AmeriSciences, L.P.*

# **TABLE OF CONTENTS**

**Page**

INDEX OF AUTHORITIES ................................................................................................ ii

I.      INTRODUCTION ..................................................................................................1

II.     NATURE AND STATE OF THE PROCEEDING ................................................2

III.    STATEMENT OF ISSUES AND CONCISE SUMMARY ..................................3

IV.     FACTS ...................................................................................................................4

V.      LAW AND ARGUMENT .....................................................................................5

        A.      Standard of Review ...................................................................................5

        B.      The Trustee's Claims Against the New Defendants Relate Back to the
                Filing of the Original Complaint and Thus Are Not Time-Barred .........6

                1.      The Trustee's claims were brought within the applicable
                        limitations periods ........................................................................7

                2.      The law of the case doctrine prohibits New Defendants from
                        relitigating the relation-back issue this Court has already decided .............8

                3.      The Trustee's claims against the New Defendants relate back to the
                        date of the original complaint .....................................................9

        C.      The Evidence in the Record Supports the Trustee's Claims Against the
                New Defendants, Either Directly or as the Alter Ego of Holton .........11

        D.      The Evidence in the Record Supports the Finding of Significant Damages
                Supporting Each of the Trustee's Claims ..............................................14

VI.     CONCLUSION ....................................................................................................16

## INDEX OF AUTHORITIES

**Page**

**Cases**

*Am. Nat'l Petroleum Co. v. Transcon. Gas Pipe Line Corp.*, 798 S.W.2d 274
(Tex. 1990) .................................................................................................. 15

*Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242 (1986) .................................... 5

*Bigham v. Se. Tex. Envtl., LLC*, 458 S.W.3d 650 (Tex. App. 2015) ............ 16

*Burns v. Rochon*, 190 S.W.3d 263 (Tex. App. 2006) .................................... 15

*Calce v. Dorado Exploration, Inc.*, 309 S.W.3d 719 (Tex. App. 2010) ....... 15

*Castleberry v. Branscum*, 721 S.W.2d 270 (Tex. 1986) ................................ 12

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ............................................... 5

*Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800 (1988) (citation
omitted) ......................................................................................................... 8

*Crisp v. Sec. Nat'l Ins. Co.*, 369 S.W.2d 326 (Tex. 1963) ........................... 15

*Evans v. Houston*, 246 F.3d 344 (5th Cir. 2001) ............................................ 6

*Excess Underwriters at Lloyd's v. Frank's Casing Crew & Rental Tools, Inc.*, 246
S.W.3d 42 (Tex. 2008) ................................................................................. 15

*Gene & Gene, LLC v. BioPay, LLC*, 624 F.3d 698 (5th Cir. 2010) ............... 9

*Ginzburg v. Mem'l Healthcare Sys.*, 993 F. Supp. 998 (S.D. Tex. 1997) ..... 5

*Grace v. Organo Gold Int'l, Inc.* (In re AmeriSciences, L.P.), No. 14-03330 (Nov.
4, 2014) .......................................................................................................... 8

*Hardy Rawls Enters. LLC v. Cage (In re Moye)*, No. H-09-2747, 2010 U.S. Dist.
LEXIS 83792 (S.D. Tex. Aug. 17, 2010) .................................................... 9

*Hayles v. GMC*, 82 F. Supp. 2d 650 (S.D. Tex. 1999) ................................... 5

*Hoffman v. Dandurand*, 180 S.W.3d 340 (Tex. App. 2005) ......................... 13

*Honore v. Douglas*, 833 F.2d 565 (5th Cir. 1987) .......................................... 6

*In re Smith*, 192 S.W.3d 564 (Tex. 2006) ..................................................... 12

*Kesler v. King*, 29 F. Supp. 2d 356 (S.D. Tex. 1998) .................................... 5

*Leonard v. Dixie Well Serv. & Supply, Inc.*, 828 F.2d 291 (5th Cir. 1987) ....... 14

*Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) ........................... 5, 6

*Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226 (Tex. 1990) ............................................ 12

*Med. Ctr. Pharmacy v. Holder*, 634 F.3d 830 (5th Cir. 2011) .................................... 9

*Prospect Energy Corp. v. Dallas Gas Partners, LP*, 761 F. Supp. 2d 579 (S.D. Tex. 2011) ........................................................................................................... 9

*Quartemont v. St. Joseph Hosp. & Health Ctr.*, No. H-94-1787, 1995 U.S. Dist. LEXIS 14160 (S.D. Tex. Aug. 14, 1995) ........................................................ 6

*Rittgers v. United States*, 131 F. Supp. 3d 644 (S.D. Tex. 2015) ............................... 9

*Sparks v. Booth*, 232 S.W.3d 853 (Tex. App. 2007) ..................................................... 12

*Sparling v. Doyle*, No. EP-13-CV-00323-DCG, 2014 U.S. Dist. LEXIS 151113 (W.D. Tex. Oct. 23, 2014) ........................................................................... 12

*Sw. Energy Prod. Co. v. Berry-Helfand*, 491 S.W.3d 699 (Tex. 2016) ....................... 15

*TIG Ins. Co. v. James*, 276 F.3d 754 (5th Cir. 2002) .................................................. 5

*Zahra Spiritual Tr. v. United States*, 910 F.2d 240 (5th Cir. 1990) ............................ 12

## Statutes

11 U.S.C. § 108(a) ....................................................................................................... 7

11 U.S.C. § 546(a) ....................................................................................................... 7

11 U.S.C. § 546(a)(1)(A) .............................................................................................. 7

Tex. Bus. & Com. Code Ann. § 24.005 ....................................................................... 7

Tex. Bus. & Com. Code Ann. § 24.006(a) ................................................................... 7

## Rules

Fed. R. Civ. P. 4(m) ................................................................................................... 10

Fed. R. Civ. P. 15(a) ............................................................................................... 3, 8

Fed. R. Civ. P. 15(c) ............................................................................................... 3, 8

Fed. R. Civ. P. 15(c)(1) ............................................................................................. 10

Fed. R. Civ. P. 15(c)(1)(B) .................................................................................. 10, 11

Fed. R. Civ. P. 15(c)(1)(C) .................................................................................. 10, 11

Fed. R. Civ. P. 56(a) ................................................................................................... 5

Fed. R. Civ. P. 56(c) ................................................................................................... 5

Rodney D. Tow (the "Trustee") hereby files this Opposition to Motion for Final Summary Judgment (the "Motion"), ECF No. 79, of Defendants 3K Marketing ("3K") and Tropez Management, Inc. ("Tropez," and together with 3K, the "New Defendants").

## I.   <u>INTRODUCTION</u>

The New Defendants move for summary judgment in this matter on the grounds that the Trustee's claims asserted against them are barred by the applicable statutes of limitations, that the Trustee is unable to demonstrate "alter ego" liability against the New Defendants, and that the Trustee is unable to establish damages in support of his claims.  The Trustee alleges that the New Defendants, either (i) individually <u>or</u> (ii) under the ownership or control of, or as the alter ego of, Holton Buggs ("Holton"), participated in a wrongful and extensively-planned scheme, together with Organo Gold Int'l, Inc. ("OGI"), Organo Gold Enterprises, Inc. (together with OGI, "Organo Gold"), and Holton (together with Organo Gold, the "Organo Defendants," and with the New Defendants, the "Remaining Defendants"), through which they fraudulently received AmeriSciences L.P.'s ("AmeriSciences") business methods, distributor network and information, and other valuable assets.  *See* Second Am. Compl. (Nov. 14, 2017), ECF No. 73.

The Trustee has already set forth legal and factual support for each of the elements of the nine claims asserted against the Organo Defendants and the New Defendants[1] on November 10, 2017 in the Opposition of Rodney D. Tow, Chapter 7 Trustee, to Motion for Summary Judgment of Defendants Organo Gold Int'l, Inc., Organo Gold Enterprises, Inc., and Holton Buggs (the "First MSJ Opposition"), ECF No. 66.  In this Opposition, the Trustee will readdress, for a second time, the relation-back and damages matters raised by the new Defendants in their Motion.  As stated in the First MSJ Opposition and as further stated herein, the Trustee is

---

[1] As explained herein, the Amended Complaint merely added the New Defendants to the collective definition of "Buggs," and no new claims or causes of action were asserted against the New Defendants.

prepared to put on evidence at trial proving each of the claims against the Remaining Defendants.   Material facts are in dispute and summary judgment in favor of the New Defendants is not appropriate.  The New Defendants' Motion should therefore be denied.

## II.   NATURE AND STATE OF THE PROCEEDING

On October 4, 2012, certain creditors filed involuntary bankruptcy proceedings under Chapter 7 against AmeriSciences.  AmeriSciences did not formally respond to the involuntary petition; it did, however, consent to the requested relief pursuant to an agreed entry entered on November 27, 2012, which converted the case to one under Chapter 11 of the Bankruptcy Code. Thomas H. Grace (the "Original Trustee") was appointed as Chapter 11 Trustee over AmeriSciences and its estate.  The Original Trustee administered the case under Chapter 11 from his appointment on December 5, 2012 through the reconversion of AmeriSciences' bankruptcy case to Chapter 7 on January 12, 2015.  Thereafter, the Original Trustee was appointed as the Chapter 7 Trustee of AmeriSciences' estate and remained in that capacity through his retirement on January 20, 2017.  Upon the retirement of the Original Trustee, the Trustee was appointed as successor trustee.

While this case was pending as one under Chapter 11 of the Bankruptcy Court, the Original Trustee commenced the above-captioned litigation by filing a complaint in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), thereby initiating adversary proceeding number 14-03330.  On March 11, 2017, this Court withdrew reference over the adversary proceeding from the Bankruptcy Court, and the case has continued under the jurisdiction of this Court.

On October 5, 2017, the Trustee filed his Motion for Leave to File Second Amended Complaint to Add Additional Previously Undisclosed Defendants (the "Motion for Leave"), ECF No. 53, through which the Trustee sought leave to file the Amended Complaint, adding the New

Defendants as additional defendants under Federal Rules of Civil Procedure 15(a) and 15(c). Over the objection of the Organo Defendants, this Court entered an Order granting the Motion for Leave on November 14, 2017, ECF No. 72.  On October 2, 2017, the Organo Defendants filed a Motion for Summary Judgment (the "First MSJ"), ECF No. 51.  The Trustee filed his First MSJ Opposition on November 10, 2017, and on November 15, 2017, the Organo Defendants filed a Reply in Support of their First MSJ, ECF No. 71.  As of the date of this Opposition, the First MSJ remains fully briefed and ready for ruling.  The New Defendants filed this Motion on January 15, 2018.

As previously explained to the Court in the Trustee's First MSJ Opposition, this case includes the Trustee's assertion of nine separate causes of action against the Organo Defendant, and now the New Defendants.  Specifically, the Trustee's Complaint asserted causes of action against the Remaining Defendants including: (1) misappropriation of trade secrets; (2) conversion; (3) tortious interference with contractual relationships; (4) aiding and abetting breaches of fiduciary duties; (5) unjust enrichment; and (6) four separate fraudulent transfer and avoidance claims.  The specific legal standard for supporting each of the causes of action, including the facts in support of the same, were thoroughly set forth in the Trustee's First MSJ Opposition, which is incorporated as if fully restated herein.  To the extent the New Defendants' Motion readdresses previously addressed elements, the Trustee addresses them below.

## III.  **STATEMENT OF ISSUES AND CONCISE SUMMARY**

The New Defendants' Motion addresses three main issues: (1) whether the Trustee's claims against the New Defendants are barred by the applicable statutes of limitation; (2) whether the Trustee can establish alter ego theories of liability for the New Defendants; and (3) whether the Trustee has or must establish lost profits as an element to his claims against the New Defendants.  In short, the Trustee's response to the Motion is as follows:

- The New Defendants' arguments regarding the statutes of limitations have already been rejected by this Court; the claims asserted against the New Defendants relate back to the timing of the filing of the original complaint.

- The evidence in the record supports findings that the New Defendants, either individually, or acting under the direction or control or as the alter ego of Holton, engaged in the wrongdoings alleged in the Amended Complaint.

- The evidence in the record, and the applicable law, support findings that the Debtor's estate has suffered damages as a result of the Remaining Defendants' actions.

Because the record reveals significant facts in support of the Trustee's claims, and because those facts, when viewed in the light most favorable to the Trustee, support each of his claims against the New Defendants, the Motion should be denied.

## IV.    FACTS

The background of AmeriSciences' business, the development and growth of its network of "independent marketing consultants" (individually, an "IMC," or collectively, the "IMCs"), and the efforts it took to maintain the proprietary nature of that network is not disputed in the New Defendants' Motion.  Similarly, the New Defendants do not dispute the concerted actions of the Organo Defendants in stealing AmeriSciences' most valuable assets.  Accordingly, the extensive background previously provided to the Court in the Trustee's First MSJ Opposition is simply incorporated herein.  In the Motion, the New Defendants simply argue that the claims against them are time-barred, that the facts do not establish that they were the alter ego of Holton, and that the Trustee is unable to demonstrate lost profits to support his claims.  As explained below, the facts in this case and the applicable law do not support the New Defendants' position and, accordingly, the Motion should be denied.

## V.    LAW AND ARGUMENT

### A.    Standard of Review.

Summary judgment is granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Facts are considered "material" if they "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 248 (1986).  "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *TIG Ins. Co. v. James*, 276 F.3d 754, 759 (5th Cir. 2002).  "If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted." *Kesler v. King*, 29 F. Supp. 2d 356, 366 (S.D. Tex. 1998).

The movant bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c).  A defendant moving for summary judgment "must affirmatively offer evidence that undermines one or more of the essential elements of the plaintiff's case, or must demonstrate that the evidence in the summary judgment record falls short of establishing an essential element of the plaintiff's case." *Hayles v. GMC*, 82 F. Supp. 2d 650, 654 (S.D. Tex. 1999).  If the movant "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

If the movant meets its initial burden, the nonmovant must "come forward with specific facts showing that there is a *genuine issue for trial*." *Ginzburg v. Mem'l Healthcare Sys.*, 993 F. Supp. 998, 1008 (S.D. Tex. 1997) (alteration in original) (citations omitted).  If the nonmovant "submit[s] evidence of contradictory facts," the court "must resolve factual controversies in

favor of the nonmoving party." *Quartemont v. St. Joseph Hosp. & Health Ctr.*, No. H-94-1787, 1995 U.S. Dist. LEXIS 14160, at *7 (S.D. Tex. Aug. 14, 1995) (citing *Little*, 37 F.3d at 1075).

When considering the evidence, "[d]oubts are to be resolved in favor of the nonmoving party, and any reasonable inferences are to be drawn in favor of that party." *Evans v. Houston*, 246 F.3d 344, 348 (5th Cir. 2001).  The court should not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir. 1987).

    **B.**    **The Trustee's Claims Against the New Defendants Relate Back to the Filing of the Original Complaint and Thus Are Not Time-Barred.**

The Trustee's claims against the New Defendants are not time-barred.  The Trustee filed his original complaint prior to the expiration of any limitations period.  This Court has already determined, over the objection of the Organo Defendants, that the inclusion of the New Defendants as defendants in the Amended Complaint relate back to the filing of the original complaint.  *See* Pl.'s Mot. Leave File Second Am. Compl. (hereinafter "Mot. Am. Compl.") (Oct. 5, 2017), ECF No. 53 (seeking leave to amend complaint, with amendments relating back to original complaint); Resp. Pl.'s Mot. Leave File Second Am. Compl. (hereinafter "Resp. Mot. Am. Compl.") (Oct. 26, 2017), ECF No. 59 (arguing futility of amendment); Reply Supp. Pl.'s Mot. Leave File Second Am. Compl. (hereinafter "Reply Mot. Am. Compl.") (Nov. 3, 2017), ECF No. 62 (setting forth facts regarding relation back); Order Grant. Pl.'s Mot. Leave File Second Am. Compl. (hereinafter "Order Mot. Am. Compl.") (Nov. 16, 2017), ECF No. 72 (granting motion and overruling objection).  Under the law of the case doctrine, the New Defendants are now foreclosed from relitigating this issue.  However, even if this Court were to reconsider the merits of relation back, the allegations against the New Defendants not only arise out of the same conduct alleged in the original pleadings against the Organo Defendants—

including their owner, officer, manager and/or director, Holton—but the allegations are identical. Through Holton, the New Defendants knew of the claims against them since the filing of the original complaint.    Accordingly, the Trustee timely brought his claims against the New Defendants.

### 1.    The Trustee's claims were brought within the applicable limitations periods.

The Trustee's claims, as stated in his original complaint, were brought within the applicable limitations periods.  The Bankruptcy Code generally affords trustees a two-year period following the entry of an order for relief in which the trustee may investigate and commence both bankruptcy avoidance actions and other causes of action owned by the debtor's estate.  *See* 11 U.S.C. § 546(a)(1)(A) (providing two-year statute of limitation for avoidance actions); 11 U.S.C. § 108(a) (providing that trustee may pursue causes of action that were not time-barred pre-petition at any point during the latter of the end of the applicable limitations period or two-years after the entry of the order for relief).

In this case, the Trustee's claims against the New Defendants had not expired prior to the entry of the order for relief.  All of the Trustee's claims against the Remaining Defendants arise out of their conduct, which occurred approximately between January 2012 and June 2012.  *See generally* Second Am. Compl. ¶¶ 37–38, 54–68.  Each of the claims asserted against the Remaining Defendants have applicable statutes of limitations of longer than one year.  *See* Mot. ¶¶ 15–16 (listing statutes of limitations for each claim)[2].  The order for relief was entered against the Debtor on November 27, 2012.  *See* Agreed Order Relief, *AmeriSciences*, No. 12-37545 (Nov. 27, 2012), ECF No. 12.  Accordingly, less than a year lapsed between the Remaining

---

[2] In fact, the claims asserted by the Trustee each have significantly longer statutes of limitation.  *See* Tex. Bus. & Com. Code Ann. §§ 24.005, 24.006(a) (providing four-year limitations period for filing fraudulent transfer claims); *see also* 11 U.S.C. § 546(a) (providing two-year limitations period for filing avoidance claims).

Defendants' wrongful acts alleged in the original complaint and the entry of the order for relief. Or, more simply, the claims against the New Defendants had not lapsed as of the entry of the order for relief.   Thereafter, the Trustee commenced the original complaint on November 4, 2014.  *See* Compl., Grace v. Organo Gold Int'l, Inc. (In re AmeriSciences, L.P.), No. 14-03330 (Nov. 4, 2014), ECF No. 1.  All of the Trustee's claims against the Remaining Defendants were timely filed.

### 2.   The law of the case doctrine prohibits New Defendants from relitigating the relation-back issue this Court has already decided.

The New Defendants' assertion that the Trustee's claims against them are time-barred is an improper attempt to relitigate the relation-back of the amendments to the complaint which this Court has already decided.  On October 5, 2017, the Trustee sought an order pursuant to Federal Rules of Civil Procedure 15(a) and 15(c), which governs the relation back of amendments, to amend his complaint to add the New Defendants.  *See* Mot. Am. Compl.  The Organo Defendants opposed the amendments on grounds of futility, raising the <u>exact argument</u> regarding the statutes of limitations asserted in the Motion.  *See* Resp. Mot. Am. Compl. ¶ 30.  The Trustee responded with the same argument made in this opposition: the amendments did nothing but add the New Defendants, such that the actions alleged against Holton were alleged to have been committed by Holton, or one of more of the New Defendants individually or through the New Defendants.  *See* Reply Mot. Am. Compl. ¶ 7.  The Court agreed, granting the Trustee's motion in full—including the request for relation back under Rule 15(c)—and overruling the objections of the Organo Defendants.  *See* Order Mot. Am. Compl.

Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815–16 (1988) (citation omitted).

*See also Rittgers v. United States*, 131 F. Supp. 3d 644, 647 n.1 (S.D. Tex. 2015) (citing *Med. Ctr. Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011)).  Although the court has power to reconsider its prior rulings, "courts should be loathe to do so in the absence of extraordinary circumstances."  *Hardy Rawls Enters. LLC v. Cage (In re Moye)*, No. H-09-2747, 2010 U.S. Dist. LEXIS 83792, at *23 (S.D. Tex. Aug. 17, 2010).

The law of the case doctrine should be followed unless "(i) the evidence on a subsequent trial was substantially different, (ii) controlling authority has since made a contrary decision of the law applicable to such issues, or (iii) the decision was clearly erroneous and would work a manifest injustice."  *Prospect Energy Corp. v. Dallas Gas Partners, LP*, 761 F. Supp. 2d 579, 585 (S.D. Tex. 2011) (quoting *Gene & Gene, LLC v. BioPay, LLC*, 624 F.3d 698, 702 (5th Cir. 2010)).  None of these exceptions exist here.  There has been no subsequent trial introducing substantially different evidence.  Defendants cite no controlling authority that has since made a contrary decision of law inapplicable.  And this Court's decision to allow the Trustee to add the New Defendants as parties to this action after litigating the exact issue they now seek to raise here was neither erroneous nor prejudicial.  This Court has already ordered that the New Defendants may be made a party over the objection of the Organo Defendants.  The New Defendants, which are owned and/or controlled by Holton, one of the original objecting Organo Defendants, should not now be allowed to relitigate the issue under the guise of a motion for summary judgment.

> ### 3.   The Trustee's claims against the New Defendants relate back to the date of the original complaint.

Even if this Court were to reconsider its prior ruling, the Trustee's claims against The New Defendants nevertheless relate back to the date of the original complaint.  An amendment to a pleading relates back to the original pleading when:

     (B)     the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B); or

     (C)     the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

          (i)     received such notice of the action that it will not be prejudiced in defending on the merits; and

          (ii)     knew or should have known that the action would have been brought against it, but for a mistake concerning the property party's identity.

Fed. R. Civ. P. 15(c)(1).

The New Defendants were well aware of the lawsuit within 120 days of the Trustee filing the original complaint. *See* Fed. R. Civ. P. 4(m), 15(c)(1)(C). At all relevant times, Holton was a distributor with Organo Gold through 3K, and Tropez was the general partner of 3K. *See* Mot. Am. Compl. ¶ 7. The Trustee filed his complaint on November 4, 2014, alleging that Holton, individually or through his affiliates or alter egos, acted to cause the destruction of the Debtor's business. *See id.* ¶ 5. The New Defendants, which are owned, controlled, and/or the alter egos of Holton, had imputed knowledge of the lawsuit once Holton was served with the original complaint. *See* Holton Aff. ¶¶ 9, 10.

The addition of the New Defendants to the lawsuit was not prejudicial. The Trustee did not add any factual allegations to the complaint, nor did he amend the complaint to do anything other than include the New Defendants. Mot. Am. Compl. ¶ 4. The amendment simply alleged that the actions taken by Holton were either taken in his individual capacity, or through an entity owned or controlled by him, or one of his alter egos, *including* the New Defendants. *Id.* ¶ 4. Conversely, any finding that denies relation back prejudices the Trustee and rewards Holton for his behavior in concealing information relevant to the litigation. For example, neither his September 2014 deposition testimony, where he testified that he acted as a distributor for Organo

Gold in a *personal* capacity, nor his Initial Disclosures made reference to the New Defendants. *See id.* ¶¶ 6, 9.  Not until Holton's deposition on September 12, 2017—almost two-and-a-half years later—did Holton reveal his relationship with the New Defendants.  *Id.* ¶ 7.  Three days later, on September 15, 2017, Holton served the Trustee with his Supplemental Initial Disclosures identifying 3K (but still failing to identify Tropez) as a party with discoverable information relevant to the case.  *Id.*; Reply Mot. Am. Compl. ¶ 2.

Because (1) the Trustee's amendments "assert[ed] a claim or defense that arose out of the conduct, transaction, or occurrence . . . in the original pleadings," Fed. R. Civ. P. 15(c)(1)(B); (2) the New Defendants, through Holton, knew of the lawsuit from the filing of the original complaint; and (3) the relation back of the addition of the New Defendants will prejudice the Trustee and not the New Defendants, the Trustee's claims against the New Defendants relate back to November 4, 2014, the date of the original complaint.  *See* Fed. R. Civ. P. 15(c)(1)(C). The Defendants' Motion should therefore be denied.

### C.  The Evidence in the Record Supports the Trustee's Claims Against the New Defendants, Either Directly or as the Alter Ego of Holton.

The Trustee's Amended Complaint alleges that each of Holton or his entities, 3K or Tropez, committed the alleged wrongdoing, either individually <u>or</u> through another.  *See* Second Am. Compl. ¶¶ 11–13.  The New Defendants mischaracterize the Amended Complaint as simply alleging that 3K or Tropez are alter egos of Holton (Mot. 7) and only liable in that capacity.  But the Trustee has alleged that 3K and Tropez are "owned, controller <u>and/or</u> the alter ego of Holton."  Second Am. Compl. ¶¶ 11–13 (emphasis added).  And the Amended Complaint defines "Buggs" to mean "Holton, OGU [Organo Gold University], 3K, and Tropez."  *Id.* ¶ 13. The allegations of wrongdoing therefore apply to each entity, either directly *or* based on the theory that the acts were done under the direction or control of another.  The New Defendants

fail to show that there is no genuine issue of material fact regarding the assertion that the alter ego doctrine applies or that the New Defendants are directly liable.

The alter ego theory may be used when actual fraud is shown and it was perpetrated primarily for the direct personal benefit of the corporation's shareholder, beneficial owner, subscriber, or affiliate. *Sparks v. Booth*, 232 S.W.3d 853, 868 (Tex. App. 2007). Under the alter ego theory, courts disregard the corporate entity when there exists such unity between corporation and individual that the corporation ceases to be separate and holding only the corporation liable would promote injustice. *In re Smith*, 192 S.W.3d 564, 568 (Tex. 2006); *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 228 (Tex. 1990) (citing *Castleberry v. Branscum*, 721 S.W.2d 270, 272 (Tex. 1986)). The standard applies the same way in reverse-piercing cases. *See Zahra Spiritual Tr. v. United States*, 910 F.2d 240, 243 (5th Cir. 1990). As proof of alter ego, a court may consider: (1) the payment of alleged corporate debts with personal checks or other commingling of funds; (2) representations that the individual will financially back the corporation; (3) the diversion of company profits to the individual for his personal use; (4) inadequate capitalization; and (5) other failure to keep corporate and personal assets separate. *Sparling v. Doyle*, No. EP-13-CV-00323-DCG, 2014 U.S. Dist. LEXIS 151113, at *18 (W.D. Tex. Oct. 23, 2014); *Sparks*, 232 S.W.3d at 868 (citing *Mancorp*, 802 S.W.2d at 228). Though all of these factors are potentially relevant, no single factor is sufficient or necessary. *Sparling*, 2014 U.S. Dist. LEXIS 151113, at *18.

In this case, there are genuine issues of material fact related to the proof of alter ego of the entities. Holton originally stated that he—and not the New Defendants—had the distributor agreement with Organo. *See* Holton Dep. 25:5–7. Furthermore, the deposition testimony of Cocheu and Gallardo reflect uncertainty as to whether consulting payments came from 3K,

Organo Gold, or Holton.  In his deposition, Cocheu believed payment to BHF Ventures from 3K was potentially an aggregate expense reimbursement amount for 2012, but that it could have been a portion of the consulting fee Cocheu received from Organo Gold.  *See* Cocheu Dep. 230:2–19.  Gallardo did not know whether Organo Gold or another entity paid him the consulting fee, stating that the money came from "[Holton], his—his company.  I think it was 3K Marketing or him."  Gallardo Dep. 167:18–168:20.

Holton's rote recital of considerations that courts refer to when assessing alter ego does little to refute that a fraud was committed against AmeriSciences.  *See* Holton Aff. ¶¶ 22–28. Even when corporate formalities are observed and individual property is kept separately, the corporation may be disregarded where "the corporate form has been used as a part of an unfair device to achieve an inequitable result," such as "where the corporate fiction is used as a mean of perpetrating a fraud."  *Hoffman v. Dandurand*, 180 S.W.3d 340, 347 (Tex. App. 2005) (citations omitted).

Nor does Holton's affidavit shed light on the ambiguity in his and/or his entities' relationship with AmeriSciences.  Holton's affidavit states that Tropez managed 3K's operations, and that 3K was a distributor for Organo Gold.  *See* Holton Aff. ¶¶ 13, 15.  His affidavit does not, however, delineate *which person or entity* interacted with AmeriSciences, or *which activities* were taken by Holton, 3K, and/or Tropez with respect to AmeriSciences.  And as demonstrated with Cocheu's and Gallardo's receipt of consulting fees, AmeriSciences was unaware of which person or entity it corresponded with.  *See* Cocheu Dep. 230:2–19; Gallardo Dep. 167:18– 168:20.  A genuine issue of material fact exists as to the relationship between Holton and the New Defendants, and which entity—Holton, 3K, or Tropez—committed the fraudulent acts alleged of in the Amended Complaint.  When a party offers differing, competent evidence, as the

Trustee has done here, it is for the factfinder at trial to decide whose evidence is more credible. *See Leonard v. Dixie Well Serv. & Supply, Inc.*, 828 F.2d 291, 294 (5th Cir. 1987).   The Defendants' Motion should be denied.

> ### D.   The Evidence in the Record Supports the Finding of Significant Damages Supporting Each of the Trustee's Claims.

As with their relation-back argument, the New Defendants are seeking to relitigate their motion to exclude the testimony of the Trustee's damages expert, Scott Weingust.  This issue has been fully litigated, and the Organo Defendants' motion was denied.  *See* Defs.' Mot. Exclude Expert Test. (Oct. 2, 2017), ECF No. 49; Resp. Defs.' Mot. Exclude Expert Test. (Oct. 23, 2017), ECF No. 58; Reply Defs.' Mot. Exclude Expert Test. (Oct. 27, 2017), ECF No. 61; Order Den. Defs.' Mot. Exclude Expert Test. (Nov. 15, 2017), ECF No. 74.

In their motion, the Organo Defendants argued that Mr. Weingust incorrectly assumed that Organo Gold transferred or misappropriated AmeriSciences' distributor list, and that the value of the distributor list was improperly calculated on a per distributor basis using historical data.  Defs.' Mot. Exclude Expert Test. ¶¶ 8–10.  The Organo Defendants then argued that "damages models for trade secrets *typically* involve calculations of a plaintiff's lost profits."  *Id.* ¶ 13 (emphasis added) (citations omitted).  Far from the New Defendants' assertion that lost profits are the quintessential damages calculation, *see* Mot. 10–11, the Organo Defendants went on to identify four additional damages calculations: (1) calculating a defendant's lost profits, (2) determining what a reasonably prudent investor would have paid for the trade secret, (3) identifying the royalty for use, or (4) utilizing a savings or development calculation.  *Id.* ¶¶ 14–16 (citations omitted).

This Court has already rejected one challenge to Mr. Weingust's calculations.  The New Defendants claim that lost profits is the only measure of damages.  *See* Mot. ¶ 10 ("Plaintiff does

not argue lost profits as his measure of damages and does not provide evidence of the value of the 'List' and 'Network Information.'").  This assertion contradicts the Organo Defendants' earlier argument, where it listed five different damages calculations, *see* Defs.' Mot. Exclude Expert Test. ¶¶ 8–10, 14–16, and is simply incorrect.  "[E]very case involving misappropriation of trade secrets requires a 'flexible and imaginative approach' to the problem of damages." *Calce v. Dorado Exploration, Inc.*, 309 S.W.3d 719 (Tex. App. 2010) (citation omitted).  *See also Sw. Energy Prod. Co. v. Berry-Helfand*, 491 S.W.3d 699, 711–12 (Tex. 2016) ("In some cases, damages may be ascertained with precision, either because the parties previously agreed on the value or an industry standard provides a clear measure.  But lack of certainty does not preclude recovery.  The fact finder must have sufficient evidence to determine the value a reasonably prudent investor would pay for the trade secret, and to meet that standard, the plaintiff need only demonstrate 'the extent of damages as a matter of just and reasonable inference,' even if the extent is only an approximation." (citations omitted)).

Similarly, lost profit is not the sole measure of damages for tortious interference with a contract, *see Am. Nat'l Petroleum Co. v. Transcon. Gas Pipe Line Corp.*, 798 S.W.2d 274, 278 (Tex. 1990) ("The basic measure of actual damages for tortious interference with contract is . . . to put the plaintiff in the same economic position he would have been in had the contract interfered with been actually performed."), conversion, *see Burns v. Rochon*, 190 S.W.3d 263, 270 (Tex. App. 2006) ("When converted property has no readily ascertainable fair market value, the measure of damages is the actual value of the property to the owner at the time of its loss." (citing *Crisp v. Sec. Nat'l Ins. Co.*, 369 S.W.2d 326, 329 (Tex. 1963)), unjust enrichment, *see Excess Underwriters at Lloyd's v. Frank's Casing Crew & Rental Tools, Inc.*, 246 S.W.3d 42, 62, 65 (Tex. 2008) (recognizing restitution as an "equitable remedy" for unjust enrichment), and

aiding and abetting breach of fiduciary duty, *see Bigham v. Se. Tex. Envtl., LLC*, 458 S.W.3d 650, 674 (Tex. App. 2015) (noting profit disgorgement and fee forfeiture are equitable remedies available for a breach of a fiduciary duty).

The law of the case doctrine forecloses the New Defendants from relitigating the Trustee's damages calculation methodology. *See supra* section V.B.2. This Court has rejected the Organo Defendants' challenge to Mr. Weingust's damages calculation, and has allowed the Trustee to seek damages in the amount of $3,451,166 for the unlawful and improper acts of the Organo Defendants. *See* Resp. Defs.' Mot. Exclude Expert Testimony ex. A, Weingust Aff. ¶ 20. To the extent the New Defendants disagree with the amount of damages, that position is a factual issue left for the jury and not appropriate for summary judgment. As such, the New Defendants' Motion should be denied.

## VI.   CONCLUSION

As explained herein, the Trustee's claims against the New Defendants are timely and supported by the law and facts in the record. The New Defendants' Motion should therefore be denied in its entirety.

Dated: February 9, 2018                          Respectfully submitted,

Steven R. Rech                                   /s/ John J. Sparacino
State Bar No. 16649200                           John J. Sparacino
Federal ID No. 15801                             State Bar No. 18873700
VORYS SATER SEYMOUR AND PEASE LLP                Federal ID No. 12551
700 Louisiana, Suite 4100                        VORYS SATER SEYMOUR AND PEASE LLP
Houston, Texas 77002                             700 Louisiana, Suite 4100
(713) 588-7000                                   Houston, Texas 77002
(713) 588-7050 (fax)                             (713) 588-7000
srech@vorys.com                                  (713) 588-7050 (fax)
                                                 jjsparacino@vorys.com
*Of Counsel*
                                                 *Attorney-in-Charge for Rodney D. Tow, Chapter 7 Trustee of AmeriSciences, L.P.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2018, a copy of the foregoing was filed electronically through the Court's CM/ECF system, which will send notification of such filing to all parties indicated on the electronic filing receipt.

/s/ John J. Sparacino
John J. Sparacino

*Attorney for Rodney D. Tow,*
*Chapter 7 Trustee of*
*AmeriSciences, L.P.*