United States District Court
Southern District of Texas

**ENTERED**

May 15, 2018

David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **RODNEY D. TOW,** | § | |
| **Chapter 7 Trustee of AmeriSciences, L.P.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. 4:16-CV-00643** |
| | § | |
| **ORGANO GOLD INTERNATIONAL,** | § | |
| **INC., ORGANO GOLD ENTERPRISES,** | § | |
| **INC., HOLTON BUGGS, and BARRY** | § | |
| **COCHEU,** | § | |
| | § | |
| **Defendants.** | § | |

**COURT'S INSTRUCTIONS FOR THE JURY**

**MEMBERS OF THE JURY:**

You have heard the evidence in this case. It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of attorneys are not evidence; they are only arguments. It is important for you to distinguish between the attorneys' arguments and the evidence on which those arguments rests. What the attorneys say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the Plaintiff or Defendants in arriving at your verdict.

A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

The fact that someone brought a lawsuit and is in court seeking damages creates no inference that they are entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

Plaintiff Rodney Tow has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove that something is more likely so than not. If you find that Plaintiff has failed to prove any element of a claim by a preponderance of the evidence, then Plaintiff may not recover on that claim.

2

The evidence that you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

You alone are to determine the questions of credibility or truthfulness of each witness. In weighing the testimony of a witness, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case that he or she may have, any prejudice or bias about the case that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if you believe the testimony and if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The

3

testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

When knowledge of a technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Certain testimony has been presented to you through videotaped depositions. Depositions are the sworn, recorded answers to questions a witness was asked in advance of trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. At some time before this trial, attorneys representing the parties in this case questioned these witnesses under oath. A court reporter was present and recorded the testimony. The questions and answers have been shown to you during this trial. This deposition testimony is to be weighed and otherwise considered by you in the same way as if the witnesses had been present and had testified from the witness stand in court.

Certain exhibits have been redacted to omit personal information such as social security numbers. These redactions were made by the Court and should not be taken into consideration when you examine the evidence.

**Specific Instructions**

Misappropriation of Trade Secrets

Plaintiff Rodney Tow alleges that Defendants Barry Cocheu, Holton Buggs, Organo Gold Enterprises, and Organo Gold International engaged in misappropriation of the alleged trade secret of the AmeriSciences distributor list.

To establish a claim for misappropriation of trade secrets, Plaintiff must prove the following elements by a preponderance of the evidence:

(1) The existence of a trade secret;

(2) Breach of a confidential relationship or discovery of the trade secret by improper means; and

(3) Use of the trade secret.

A trade secret is any formula, pattern, device, or compilation of information which is used in one's business and presents an opportunity to obtain an advantage over competitors who do not know or use it.

In deciding whether a trade secret exists, you should consider the following factors:

(a) The extent to which the information is known outside the business;

(b) The extent to which the information is known by employees and others involved in the business;

(c) The extent of measures taken by the business to guard the secrecy of the information;

(d) The value of the information to the business and its competitors;

(e) The amount of effort or money expended by the business in developing the information; and

(f) The ease or difficulty with which the information could be properly acquired or duplicated by others.

It is not necessary to satisfy each of these factors in order to establish that something is a trade secret, and other circumstances may also be relevant in determining whether something is a trade secret. Thus, you should weigh the factors in the context of the surrounding circumstances to determine whether a trade secret exists.

A person is in a "confidential relationship" with the owner of a trade secret if that person has a duty to maintain the secrecy of or limit the use of the trade secret.

"Improper means" includes theft, bribery, misrepresentation, breach or inducement of a breach of duty to maintain secrecy, to limit use, or to prohibit discovery of a trade secret, or espionage through electronic or other means.

A trade secret is only misappropriated when it is actually used. "Use" of a trade secret means commercial use, by which a person seeks to profit from the use of the secret.

<u>Tortious Interference with Existing Contracts</u>

Plaintiff Rodney Tow alleges that Defendants Barry Cocheu, Holton Buggs, Organo Gold Enterprises, and Organo Gold International intentionally interfered with AmeriSciences' contractual relationships with its distributors. To establish a claim of tortious interference, Plaintiff must establish each of the following elements by a preponderance of the evidence:

(1) Existing contracts subject to interference;

(2) A willful and intentional act of interference with the contracts; and

(3) Such interference proximately caused an injury that caused actual damages or loss.

"Interference" includes any wrongful conduct that prevented someone from performing a contract or made the contract of lesser or no value. Encouraging or inducing a person to exercise his or her lawful rights under a contract is not interference, while encouraging or inducing someone to violate the terms of contractual obligations is interference.

Interference is "intentional" if committed with the desire to interfere with the contract or with the belief that interference is substantially certain to result.

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

<u>Breach of Fiduciary Duty</u>

Plaintiff Rodney Tow brings a claim for breach of fiduciary duty against Defendant Barry Cocheu. As the Chief Operating Officer of AmeriSciences, Barry Cocheu owed a fiduciary duty to AmeriSciences. To prove that Barry Cocheu breached his fiduciary duty, Plaintiff must prove any of the following by a preponderance of the evidence:

1. The transaction in question was not fair and equitable to AmeriSciences;

2. Barry Cocheu did not make reasonable use of the confidence that AmeriSciences placed in him;

3. Barry Cocheu failed to act in the utmost good faith or exercise the most scrupulous honesty toward AmeriSciences;

4. Barry Cocheu placed his own interests before AmeriSciences, used the advantage of his position to gain a benefit for himself at the expense of AmeriSciences, or placed himself in a position where his self-interest might conflict with his obligations as a fiduciary; or

5. Barry Cocheu failed to fully and fairly disclose all important information to AmeriSciences concerning the transaction in question.

Aiding and Abetting Breach of Fiduciary Duty

Plaintiff Rodney Tow alleges that Defendants Holton Buggs, Organo Gold International, and Organo Gold Enterprises aided and abetted Barry Cocheu in the alleged breach of fiduciary duty. To establish a claim for aiding and abetting a breach of fiduciary duty, Plaintiff must prove by a preponderance of the evidence that Barry Cocheu breached his fiduciary duty and:

1. Defendants knew of the fiduciary relationship between Barry Cocheu and AmeriSciences; and

2. Defendants were aware that they were participating in the breach of that fiduciary relationship.

<u>Defalcation in a Fiduciary Duty</u>

Plaintiff Rodney Tow alleges that Defendant Barry Cocheu committed defalcation while acting in a fiduciary capacity.

A fiduciary engages in "defalcation" if he knows that his conduct is improper or he consciously disregards a substantial and unjustifiable risk that his conduct will violate his fiduciary duty.

### Unjust Enrichment

Plaintiff Rodney Tow alleges that Defendants Holton Buggs, Organo Gold International, and Organo Gold Enterprises were unjustly enriched by receiving the AmeriSciences distributor list. Unjust enrichment occurs when a person has wrongfully secured a benefit that rightfully belongs to another. To prove unjust enrichment, Plaintiff must prove by a preponderance of the evidence that:

1. Defendants wrongfully secured a benefit or passively received one that would be unconscionable to retain; and

2. The benefit was obtained by fraud, duress, or taking of an undue advantage.

<u>Fraudulent Transfer – Actual Fraud</u>

Plaintiff Rodney Tow alleges that Defendant Barry Cocheu fraudulently transferred AmeriSciences' distributor list and WMS software to Defendants Holton Buggs, Organo Gold International, and Organo Gold Enterprises before AmeriSciences entered into bankruptcy. AmeriSciences entered into bankruptcy on October 4, 2012. In order to establish a claim for actual fraudulent transfer, Plaintiff must establish each of the following elements by a preponderance of the evidence:

1. The distributor list and WMS software were the property of AmeriSciences;

2. The distributor list and WMS software were transferred to Defendants within two years before the filing of AmeriSciences' bankruptcy; and

3. AmeriSciences or its agent made the transfer with actual intent to hinder, delay, or defraud any existing or future creditor.

In determining actual intent, consideration may be given, among other factors, to whether:

1. The transfer was to an insider;

2. AmeriSciences retained possession or control of the property after the transfer;

3. The transfer or obligation was concealed;

4. Before the transfer was made, AmeriSciences had been sued or threatened with suit;

5. The transfer was of substantially all of AmeriSciences' assets;

6. Barry Cocheu absconded;

7. AmeriSciences removed or concealed assets;

8.  The value of the consideration received by AmeriSciences was reasonably equivalent to the value of the asset transferred;

9.  AmeriSciences was insolvent or became insolvent shortly after the transfer was made; and

10. The transfer occurred shortly before or shortly after a substantial debt was incurred.

"Transfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease, and creation of a lien or other encumbrance.

Fraudulent Transfer – Constructive Fraud

Plaintiff Rodney Tow alleges that Defendant Barry Cocheu fraudulently transferred AmeriSciences' distributor list and WMS software to Defendants Holton Buggs, Organo Gold International, and Organo Gold Enterprises before AmeriSciences entered into bankruptcy. AmeriSciences entered into bankruptcy on October 4, 2012. In order to establish a claim for constructive fraudulent transfer, Plaintiff must establish each of the following elements by a preponderance of the evidence:

1. The distributor list and WMS software were the property of AmeriSciences;

2. The distributor list and WMS software were transferred to Defendants within two years before the filing of AmeriSciences' bankruptcy;

3. AmeriSciences received less than a reasonably equivalent value in exchange for the transfer of the distributor list and WMS software; and

4. AmeriSciences was insolvent on the date the transfer was made.

"Transfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease, and creation of a lien or other encumbrance.

"Reasonably equivalent value" means an amount at the time of the transfer that was within the range of values for which such transfers would occur in an arms-length transaction.

A company is "insolvent" if the sum of its debts is greater than all of its assets at a fair valuation. A company that is generally not paying its debts as they become due is also presumed to be insolvent.

<u>Damages</u>

If Plaintiff Rodney Tow has proved any claim against any Defendant by a preponderance of the evidence, you must determine the damages to which the AmeriSciences bankruptcy estate is entitled. You should not interpret the fact that I am giving instructions about damages as an indication in any way that I believe that Plaintiff should, or should not, win this case. It is first your task first to decide whether any Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that any Defendant is liable and that Plaintiff is entitled to recover money damages.

If you find that any Defendant is liable, then you must determine an amount that is fair compensation for all damages to the AmeriSciences bankruptcy estate. These damages are called compensatory damages. The purpose of compensatory damages is to make the AmeriSciences bankruptcy estate whole—that is, to compensate the debtor for the damage that it has suffered.

You may award compensatory damages only for injuries that Plaintiff proves were proximately caused by Defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of AmeriSciences' damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendants. You should not award compensatory damages for speculative injuries, but only for those injuries that AmeriSciences has actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages can be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff prove the amount of losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

If you find that Plaintiff has proved any claim against any Defendant by a preponderance of the evidence and you decide to award compensatory damages, you may also decide whether to award punitive damages. You should not interpret the fact that I am giving instructions about punitive damages as an indication in any way that I believe that Plaintiff should, or should not, win this case. You must first decide whether any Defendant is liable, and if you make that determination, then you may decide whether to award compensatory damages. If you decide that Plaintiff is entitled to compensatory damages, only then may you determine whether to award punitive damages.

Plaintiff has the burden of proving that punitive damages should be awarded by clear and convincing evidence. The standard of "clear and convincing evidence" means evidence that leaves no serious or substantial doubt about the correctness of the conclusions drawn from the evidence. This is different—and less—than proof beyond a reasonable doubt. This is also different—and more—than preponderance of the evidence to support an award of compensatory damages.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that AmeriSciences has been made whole by compensatory damages, so punitive damages should be awarded only if a Defendant's misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

You may award punitive damages if you find by clear and convincing evidence that a Defendant acted with malice, fraud, or gross negligence.

"Malice" means a specific intent by a Defendant to cause substantial injury or harm to AmeriSciences.

"Fraud" means fraud other than constructive fraud.

"Gross negligence" means an act or omission: (a) Which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (b) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights of others.

In determining the amount of punitive damages to award, if any, you may consider the following factors:

1. The nature of the wrong;

2. The character of the conduct involved;

3. The degree of culpability of each Defendant;

4. The situation and sensibilities of the parties involved;

5. The extent to which such conduct offends a public sense of justice and propriety.

6. The net worth of each Defendant.

<u>Duty to Deliberate</u>

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

19

You may now proceed to the jury room to begin your deliberations.

Signed on this the _____ day of May, 2018.

                                            **VANESSA D. GILMORE**
                                        **UNITED STATES DISTRICT JUDGE**