IN THE UNITED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODNEY D. TOW, Chapter 7 Trustee, | : | Judge Vanessa D. Gilmore |
| | : | |
| Plaintiff, | : | Case No. 4:16-cv-00643 |
| | : | |
| v. | : | |
| | : | |
| ORGANO GOLD INT'L, INC., *et al*. | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**PLAINTIFF'S OPPOSED MOTION TO ALTER OR AMEND JUDGMENT TO INCLUDE (I) JUDGMENT ON ALL FRAUDULENT TRANSFER CLAIMS AGAINST HOLTON BUGGS AND THE ORGANO DEFENDANTS, AND (II) PREJUDGMENT INTEREST**

Plaintiff, Trustee Rodney D. Tow ("Plaintiff"), the Chapter 7 trustee for AmeriSciences, L.P. ("Debtor"), moves this Court pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend the Final Judgment (ECF No. 126) (the "Judgment") to add (I) fraudulent transfer judgment in favor of Plaintiff and against Organo Gold, Int'l, Inc. ("OGI"), Organo Gold Enterprises, Inc. ("OGE," and together with OGI, the "Organo Defendants"), and Holton Buggs ("Buggs"); and (II) $610,682.44 in prejudgment interest to the Judgment.

**I.      NATURE AND STATE OF THE PROCEEDING**

This case was tried to a jury from May 7 to May 15, 2018. The Court submitted eleven questions to the jury relating to Plaintiff's claims against the Organo Defendants, Buggs, and Barry Cocheu ("Cocheu," and together with the Organo Defendants and Buggs, the "Trial Defendants"). The jury returned its verdict in favor of Plaintiff on each question, including a finding of $3,461,166.00 (the "Actual Damage Award") in actual damages and awarding $150,000.00 of exemplary damages against Cocheu.

The Court's jury instructions and questions returned findings in favor of Plaintiff on all of his fraudulent transfer claims against the Organo Defendants and Buggs as transferees of the Debtor's distributor list and the WMS software, but the Judgment did not include judgment in favor of the Trustee and against the Organo Defendants and Buggs on those counts. The Judgment also did not include an award of prejudgment interest on the Actual Damage Award. Plaintiff seeks an order, substantially in the form of the proposed order submitted herewith, altering or amending the Judgment.

## II.     STATEMENT OF ISSUES FOR RULING

This Motion presents the following issues:

1.     Should the Court modify the Judgment to enter judgment in favor of Plaintiff and against each of the Organo Defendants and Buggs on Plaintiff's fraudulent transfer claims, grounded in both actual and constructive fraud?

2.     Should the Court modify the Judgment to add an award of prejudgment interest?

## III.    STANDARD OF REVIEW

District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696–97 (5th Cir. 2003). Amending a judgment is appropriate (1) where an intervening change in controlling law occurs, (2) where new evidence becomes available, or (3) to correct a manifest error of law or fact or to prevent manifest injustice. *See Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017); *McGillivray v. Countrywide Home Loans, Inc.*, 360 F. App'x 533, 537 (5th Cir. 2010).

There is no general definition of "manifest injustice," and courts evaluate whether a manifest injustice occurred on a case-by-case basis. *See id.* at *12 (*citing Alvarado v. Tex.*

*Rangers*, No. EP-03-CA-0305-FM, 2005 U.S. Dist. LEXIS 11851, at *7 (W.D. Tex. June 14, 2005)); *see also Cusano v. Klein* (*In re Cusano*), 431 B.R. 726, 734 (B.A.P. 6th Cir. 2010) ("Manifest injustice, as contemplated by Rule 59(e), is an amorphous concept with no hard line definition. However, courts have established various guidelines to be used on a case-by-case basis to determine whether the necessary manifest injustice has been shown." (citations omitted)). A showing of manifest injustice requires "a flaw that without correction would lead to a result that is both inequitable and not in line with applicable policy." *Bender Square Partners*, 2012 U.S. Dist. LEXIS 74709, at *13 (*quoting Alvarado*, 2005 U.S. Dist. LEXIS 11851, at *7). Any manifest injustice must be "direct, obvious, and observable," and "apparent to the point of being indisputable." *Id*. (citations omitted).

## IV.   ARGUMENT AND AUTHORITIES

### A.   The Verdict Included All Findings Necessary to Support Judgment on the Fraudulent Transfer Claims Against Buggs and the Organo Defendants.

The jury's questions and answers included each of the necessary elements to Plaintiff's fraudulent transfer claims: Cocheu fraudulently (through both actual and constructive fraud) transferred assets of the Debtor (the distributor list and WMS software) to Buggs and the Organo Defendants. Despite these findings, the Judgment failed to include Buggs and the Organo Defendants, the transferees of the fraudulent transfers in question, in the Judgment relating to fraudulent transfer. Thus, as explained below, it would be a manifest injustice if the Judgment were not amended to include a judgment against Buggs and the Organo Defendants on these claims.

In this case, Plaintiff asserted causes of action for recovery of fraudulent transfers under both section 548 of the Bankruptcy Code and the Uniform Fraudulent Transfer Act ("UFTA"), as applicable in Texas, asserting both actual and constructive fraud under §548 and under the

3

UFTA. Under 11 U.S.C. § 548(a)(1)(A), the Trustee can avoid any transfer made "with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred[] [or] indebted." Similarly, under UFTA, a transfer is fraudulent where the debtor made the transfer "with actual intent to hinder, delay, or defraud any creditor of the debtor." Tex. Bus. & Com. Code § 24.005(a)(1). With respect to constructively fraudulent transfers, 11 U.S.C. § 548(a)(1)(B)(i)–(ii)(I), provides the Plaintiff with the ability to avoid any transfer where the Debtor "received less than a reasonably equivalent value in exchange for such transfer". UFTA similarly deems transfers constructively fraudulent where the debtor did not receive "reasonably equivalent value in exchange for the transaction". Tex. Bus. & Com. Code § 24.005(a)(2). Finally, once an avoidable transfer has been established, Bankruptcy Code Section 550(a) enables the Plaintiff to recover the transfer or the value of the transfer from the immediate or mediate transferee of the fraudulent transfer. 11 U.S.C. § 550(a).

In this case the verdict includes a finding that the Debtor owned its trade secrets which were misappropriated by the Defendants. *See* Jury Question No. 1. Cocheu transferred the Debtor's assets with actual fraudulent intent, *see* Jury Question No. 7, and through a constructive fraudulent transfer, *see* Jury Question No. 8. Buggs and the Organo Defendants were the recipients—or transferees—of Cocheu's fraudulent transfers. *See* Jury Question No. 6. Finally, the jury's verdict found that $3,461,166.00 is the amount of money which was necessary to make the Debtor whole as a result of the fraudulent transfers. *See* Jury Question No. 9. Accordingly, because the jury's verdict includes factual findings necessary to establish Buggs' and the Organo Defendants' liability for actual and fraudulent transfers, it would be a manifest injustice for the Court to decline to alter or amend the Judgment to include such an award.

B.  Texas Law Mandates the Inclusion of Prejudgment Interest.

Because this action sought recovery under Texas law and the Bankruptcy Code, this Court should adhere to Texas law regarding prejudgment interest, and alter or amend the Judgment to award Plaintiff $610,682.44 in prejudgment interest on his Actual Damage Award.

An award of prejudgment interest is governed by the applicable state law under which the claim arose. *See Lapeyre v. A.M. Dupont Corp. (In re Lapeyre)*, No. 01-30921, 2003 U.S. App. LEXIS 28039, at *26–27 (5th Cir. Jan. 29, 2003) (examining state law to determine whether prejudgment interest is available for nondischargeable debts premised on state law claims).

With respect to the causes of action raised by Plaintiff in this case, section 304.102 of the Texas Finance Code mandates an award of prejudgment interest on misappropriation of trade secret claims. *See Retractable Techs., Inc. v. Occupational & Med. Innovations, Ltd.*, No. 6:08 CV 120, 2010 U.S. Dist. LEXIS 82069, at *12 (E.D. Tex. Aug. 11, 2010) (citing Tex. Fin. Code §§ 304.102, 304.103) ("Texas law on trade secret claims mandates the award of prejudgment interest."). Beyond the mandatory award of prejudgment interest on the Trustee's misappropriation claim, general principles of equity support recovery of prejudgment interest on Plaintiff's remaining causes of action. *See, e.g.*, *Sandare Chemical Co. v. WAKO Int'l, Inc.*, 820 S.W.2d 21, 25 (Tex. App. 1991) (affirming award of prejudgment interest on tortious interference claim); *Dernick Res., Inc. v. Wilstein*, 471 S.W.3d 468, 487 (Tex. App. 2015) (affirming award of prejudgment interest on breach of fiduciary duty claim); *Minnis v. Citrin Holdings LLC*, No. 2006-78939, 2011 Tex. Dist. LEXIS 2797, at *7 (Tex. Dist. Ct. Apr. 27, 2011) (awarding prejudgment interest on aiding and abetting breach of fiduciary duty claim); *Smith v. Cash Registers Sales & Serv. of Houston*, No. 2009-00593, 2010 Tex. Dist. LEXIS 1619, at *5 (Tex. Dist. Ct. Dec. 17, 2010) (awarding prejudgment interest on defalcation claim);

*Compass Bank v. Villarreal*, No. L-10-8, 2011 U.S. Dist. LEXIS 89287, at *20 (S.D. Tex. Aug. 10, 2011) (awarding prejudgment interest on unjust enrichment claims); *West v. Hsu (In re Advanced Modular Power Sys.)*, 413 B.R. 643, 685 (Bankr. S.D. Tex. 2009) ("With respect to awarding prejudgment interest in fraudulent transfer cases, Texas courts have concluded that equity allows for such an award, and thus have frequently awarded pre-judgment interest in those cases.").

Texas courts have held that "prejudgment interest should be granted to a prevailing party in all but exceptional circumstances." *Id.* (quoting *Am. Int'l Trading Corp. v. Petroleos Mexicanos*, 835 F.2d 536, 541 (5th Cir. 1987)). *See also Tellez v. Geo Grp., Inc.*, No. SA-15-CV-00465-RCL, 2018 U.S. Dist. LEXIS 33980, at *5–10 (W.D. Tex. Mar. 1, 2018) (awarding prejudgment interest on Rule 59(e) motion).

Here, the jury returned a verdict in favor of Plaintiff and awarding $3,461,166.00 in actual damages caused by the concerted actions of Cocheu, Buggs, and the Organo Defendants in April 2012—actions that ultimately led to Buggs and the Organo Defendants obtaining the Debtor's distributor list and WMS Software through misappropriation of a trade secret and/or fraudulent transfer. An award of prejudgment interest on Plaintiff's misappropriation of trade secret claim is mandatory under Texas law. Further, as explained above, principles of equity support the award of prejudgment interest on all other claims asserted by Plaintiff. Accordingly, this Court should alter or amend the Judgment to include an award of prejudgment interest at 5.00%, totaling $610,682.44, from the November 4, 2014 commencement of this action through the May 16, 2018 entry of the Judgment. *See* Tex. Fin. Code § 304.103 (setting prejudgment interest as the postjudgment rate applicable at the time of judgment); *id.* § 304.003(c)(2) (setting postjudgment rate at 5.00% when the prime rate is less than 5.00%); *H.15 Selected Interest*

*Rates*, Board Governors Fed. Res. Sys. (May 21, 2018), https://www.federalreserve.gov/releases/h15/ (stating prime rate is 4.75%); Tex. Fin. Code § 304.104 (stating prejudgment interest accrues on the amount of a judgment during the period beginning on the date the suit is filed and ending on the day preceding the date judgment is rendered).

## V. CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that this Court alter or amend the Judgment to include judgment against Buggs and the Organo Defendants on the fraudulent transfer causes of action, and to include an award of prejudgment interest on the Actual Damages Award.

Date: May 30, 2018

Respectfully submitted,

*/s/ John J. Sparacino*
John J. Sparacino, Esq.
Texas State Bar No. 188873700
Federal I.D. No. 12551
Steven R. Rech, Esq.
Texas State Bar No. 16649200
Federal I.D. No. 15801
VORYS, SATER, SEYMOUR AND PEASE LLP
700 Louisiana Street, Suite 4100
Houston, Texas 77002
(713) 588-7038
(713) 588-7080 (facsimile)
jjsparacino@vorys.com
srech@vorys.com

*Counsel to Plaintiff, the Chapter 7 Trustee*

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on May 30, 2018, a true and correct copy of the foregoing *Plaintiff's Opposed Motion to Alter or Amend Judgment to Include (I) Judgment on all Fraudulent Transfer Claims Against Holton Buggs and the Organo Defendants; (II) Prejudgment Interest; and (III) An Award of Costs* was electronically filed and served via the Court's ECF system upon the parties registered to receive notice:

*/s/ John J. Sparacino*
John J. Sparacino